CLARENCE MORROW V. THE STATE.

No. 21379.   Delivered January 15, 1941.

The opinion states the case.

*A. F. Heidingsfelder*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court at Law No. 2 in Harris County on a complaint and information which alleged that he had, "unlawfully engaged in, work, and conduct the business of a journeyman plumber, to-wit, working on lead waste pipes, to serve plumbing fixtures, and to be connected to the

city sanitary sewer," without a licence as provided by the ordinances of the city of Houston.

The facts in the case are practically without dispute. It is admitted in the evidence that Mr. Custer, by whom the appellant was employed, is a master plumber and plumbing contractor; that he has a right to employ journeymen plumbers and that journeymen plumbers have a right to have helpers. Mr. Custer had a contract for a certain job of work and had a journeyman plumber in charge of it who had helpers. Appellant was one of them. The journeyman plumber had left the job for something like an hour, during which time appellant testifies that he did such work as Mr. Teague, the journeyman plumber, had outlined for him to do in his absence and no more; that he was to make preparation for Mr. Teague to complete the plumbing work when he returned, and was instructed to arrange some lead pipe so Teague would wipe it and prepare it to be installed. This he was doing.

Teague says that appellant, with others, was employed not as plumbers, but as helpers; that the work which he left appellant to do consisted of straightening out lead pipe and cutting notches in the sills so the pipe could be run through the roof. He said that was the work of helpers. He said the pipe was so bent up that it had to be straightened, which appellant was doing and which he described as, "the usual, necessary and customary work of helpers."

Other witnesses seemed to use the word "plumber" and "plumbing work" indiscriminately. There is nothing in the record defining "plumbing work" and "the business of a journeyman plumber," terms used in the complaint. A plumber is defined as one who works in tin, lead, zinc, etc. Also one who supplies, repairs or fits water pipes, etc. Plumbing is defined as the art or occupation of putting in or repairing the pipes and other fittings for the water or gas supply or sewage disposal of a building.

It does not appear that either of the witnesses testifying for the State or the defense confined themselves to a technical use of the word. The city inspector said, "When I got out there Clarence Morrow was working on some lead waste pipes. The work Clarence Morrow was doing was plumbing work." It was admitted by the State that journeymen plumbers have a right to have helpers. The State's witness said there was no journeyman plumber supervising the work appellant was doing at the particular time he was there, which was about ten minutes,

but he was not able to say that the contractor did not have a licensed journeyman plumber on the job.

We have concluded that the record is too indefinite to sustain a conviction. A stenographer in a law office who takes dictation is doing legal work. The office girl for the dentist receives his telephone calls, makes engagements, helps in the laboratory, assists the dentist in some of his work with the patient, and is engaged in dental work, but she is not engaged in the profession of practicing dentistry, nor is the secretary to the attorney engaged in practicing law. It is just as reasonable that other licensed businesses and professions may have helpers, and, in the absence of a showing that they are doing that thing which requires the skill and knowledge incident to the trade or profession, it would seem that the grounds for regulation would not exist and that, therefore, it is not within the purpose of the law-making body to include them.

In the performance of a contract for a plumbing job ditches are to be dug, materials are to be handled and lifted in place, all of which is a part of the plumbing business and part of a contract by any reasonable construction, but it is not required that all of this be done by licensed plumbers, nor would we think that it is necessary for the licensed supervisor to have his eye constantly on the things that they are doing under his direction and supervision. Certainly, as in the instant case, if they were cutting notches by which they could pass a sill, or straightening a piece of lead pipe so it could be fitted into position by the one authorized to do it, their act would not constitute a violation of a regulation which the Legislature would be authorized to make.

The ordinance introduced in evidence in this case, after providing for the appointment of a board to examine applicants for a plumbers license and for the granting of same, fixes a penalty for "any person doing plumbing business in the city of Houston without first obtaining a license as hereinabove provided, etc." The penalty is any amount not exceeding $200.00 The evidence in this case is insufficient to show a violation of that ordinance.

The judgment of the trial court is reversed and the cause remanded.