**FREEDOM, INCORPORATED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12758.**

Court of Civil Appeals of Texas, Austin.

July 5, 1978.

Rehearing Denied Aug. 16, 1978.

Robert D. McPherson, Houston, for appellant.

John L. Hill, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This is an appeal from a temporary injunction that restrained appellant Freedom, Incorporated, from engaging in the bail bond or surety business.

Appellant is a corporation created pursuant to the Texas Business Corporation Act. Appellant's purpose is stated in its Articles of Incorporation as: "The transaction of any and all lawful business for which a corporation may be incorporated under the Texas Business Corporation Act." Appellant does not hold a certificate of authority from the State Board of Insurance.

Appellant applied to the Harris County Bail Bond Board for a license to act as a bondsman. Before the Harris County Bail Bond Board had acted on the application, the State of Texas filed a *quo warranto* suit against appellant in the district court of Travis County seeking cancellation of appellant's charter and ancillary injunctive relief. After hearing the district court entered the temporary injunction.

Appellant claims that a corporation may engage in the bail bond or surety business without authorization from the State Board of Insurance. We do not agree.

A corporation may qualify to write bail bonds provided the corporation is empowered to act as a surety. Tex.Rev.Civ.Stat. Ann. art. 2372p–3 § 7 (Supp.1978); Tex. Code Crim.Proc.Ann. art. 17.06 (1977). A corporation acting as a professional surety is engaged in the insurance business, Tex. Ins.Code Ann. art. 1.14–1 § 2(a)(2) (Supp. 1978), and is therefore required to obtain a certificate of authority from the State Board of Insurance. Tex.Ins.Code Ann. art. 1.14 (1963). An insurance company may not be organized under the Texas Business Corporation Act. Tex.Bus.Corp.Act.Ann. art. 201B(4)(d) (1956).

Appellant claims that the disposition of this appeal is controlled by an unpublished opinion, *Heard v. Scroggins*, Docket No. 1,459 (Tex.Civ.App.—Houston [14th Dist.], October 27, 1976, writ ref'd n. r. e.) (unreported). A copy of that opinion appears as an exhibit in the statement of facts. The Houston Court of Civil Appeals in *Heard* was not presented with the problem before this Court. The applicable portion of the opinion is as follows:

"Appellants' third and fourth points complain of the [district] court's judgment that a Texas business corporation can be a licensed bail bondsman and that property given as security on a bail bond can be owned by a Texas corporation. *The asserted error is that the pleadings do not pray for such declarations and that the judgment does not conform to the pleadings.* We disagree . . ." (Emphasis added).

The Court then examined the prayer in the petition and concluded that the prayer authorized the relief granted by the district court.

Because appellant corporation is not qualified to act as a surety, appellant may not engage in the bail bond or surety business.

The judgment is affirmed.

Affirmed.