

# The Attorney General of Texas

April 14, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Simpson, Chairman
House Committee on Insurance
House of Representatives
Room 125, Reagan Building
Austin, Texas 78701

Opinion No. MW-321

Re: Application of the Bail Bond Act to insurance companies

Dear Representative Simpson:

You have asked several questions concerning the relationship between the Texas Bail Bond Act, article 2372p-3, V.T.C.S., and the Texas Insurance Code. You first asked:

> 1. Is a duly licensed and certified insurance company, qualified and licensed to do business in Texas under the Texas Board of Insurance rules and regulations, etc., subject to the Bail Bond Act (Article 2372p-3, as amended, Licensing and Regulation of Bail Bondsmen) when they operate strictly as co-sureties with licensed bondsmen in the writing of court and appearance bonds in Texas, or are they exempt as per section 3(d) of said act?

In general, the Texas Bail Bond Act, article 2372p-3, V.T.C.S., does not exempt insurance companies engaged in the writing of bail bonds from the requirements of the Texas Insurance Code, nor does the Texas Insurance Code exempt companies writing such bonds from the requirements of the Texas Bail Bond Act. An insurance company that is duly licensed and certified to write bail bonds by the State Board of Insurance is not subject to the licensing provisions of the Texas Bail Bond Act if the company is a co-surety with a licensed bondsman. Sections 3(a) and 3(d) of the Bail Bond Act provide:

> Sec. 3. (a) No person may act as a bondsman without the license required under the provisions of this Act, except as provided in Subsections (b), (c), and (d) of this section.
>
> . . . .
>
> (d) Persons who execute bonds as cosureties with a licensed bondsman.

Section 2 of the Bail Bond Act provides a definition of "person" that includes corporations, and therefore Section 3(d) would exempt an insurance company acting as a co-surety from the licensing requirement of the Bail Bond Act. We do not address whether a person is necessarily entitled to act as a co-surety with an insurance company while at the same time acting as agent for the insurance company without the company's complying with the licensing requirements of the Bail Bond Act. However, if the insurance company is acting in the capacity of a surety, section 3(a) of the Bail Bond Act would require an insurance company to comply with the licensing requirements of the act.

You next ask the following questions:

> 2. Is a person duly licensed to make bonds under the Bail Bond Act required to have a Texas Recording Agent's License, or is he exempt in accordance with section 7(d) of said act, stating that a licensed bondsman shall not be required to have a Local Recording Agent's License?

In a county subject to the Bail Bond Act, the person is exempt. However, in a county not subject to the Bail Bond Act, the person must have a local recording agent's license issued under article 21.14 of the Texas Insurance Code.

> 3. Does an insurance company that is licensed with a local Bail Bond Board under article 2372p-3, as amended, have an obligation to register in any manner or form with the Texas State Board of Insurance to act as co-surety or surety on court bonds or surety bonds in the state of Texas?

In Texas, the only corporation that may act on a regular basis as a corporate surety is an insurance company chartered under chapters 2 and 8 of the Texas Insurance Code. See Attorney General Opinion WW-438 (1958). In Freedom, Inc. v. State, 569 S.W. 2d 48 (Tex. Civ. App. - Austin 1978, no writ), the court held that a corporation acting as a professional surety in writing bail bonds was engaged in the insurance business and was required to obtain a certificate of authority from the State Board of Insurance. Further, no provision in the Bail Bond Act relieves an insurance company from compliance with the provisions of the Texas Insurance Code regarding its ability to act as a surety. When an insurance company engages in the business of a surety in a county subject to the Texas Bail Bond Act, section 7(b) of the act clearly contemplates a dual licensing procedure for the insurance company under both the Bail Bond Act and the Texas Insurance Code.

You next ask:

> 4. Is it legal for an individual to use an assumed name if an Assumed Name Certificate is duly filed and executed with the County Clerk of the counties in which the individual is doing business, in the writing and posting of bonds in counties not subject to bail bond acts, and must the surety company be

registered with the Texas State Board of Insurance when the privately-owned company is the surety on bail bonds?

An individual may use an assumed name in the writing and posting of bonds, provided, however, that the use of such a name does not violate either the statutory or common law regarding names. Nothing in article 2372p-3 would prohibit the use of an assumed name by an individual properly licensed in a county with a bail bond board, and neither this statute nor any other prohibits an individual from using an assumed name in counties without bail bond boards. However, the use of an assumed name is proper only after a business entity or individual complies with the filing requirements of chapter 36 of the Texas Business and Commerce Code.

If an individual is the surety on bail bonds, then no registration with the State Board of Insurance is required. However, if a corporation is the surety, then it must comply with the regulations set forth in the Texas Insurance Code. The court in Freedom, Inc., supra, held that for a corporation to be empowered to act as a surety it must obtain a certificate of authority from the State Board of Insurance. This requirement applies to every corporate surety regardless of whether the county in which it will operate is subject to the Bail Bond Act.

## SUMMARY

(1) Section 3(d) of article 2372p-3 does exempt an insurance company acting as a co-surety from the licensing requirements of the Bail Bond Act.

(2) Section 7(d) of article 2372p-3 exempts, under certain circumstances, a licensee under the act from the requirements of holding a recording agent's license.

(3) Notwithstanding licensing with a local Bail Bond Board, an insurance company is required to comply with the applicable provisions of the Texas Insurance Code in order to act as a surety or co-surety on bonds.

(4) No provisions of article 2372p-3 prevent the use of an assumed name; of course, all statutory and common law requirements must be complied with. Furthermore, the only corporation which may act as a surety on bail bonds is an insurance company, and it must comply with the Texas Insurance Code and obtain a certificate of authority from the State Board of Insurance.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
C. Robert Heath
Thomas M. Pollan
Nancy Ricketts