

# The Attorney General of Texas

August 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No. MW-507

Re:  Who may be licensed under
Bail Bondsman Licensing Act,
article 2372p-3, V.T.C.S.

Dear Mr. White:

You ask several questions concerning licensing of bail bondsmen under the terms of article 2372p-3, V.T.C.S. You first ask whether a partnership, sole proprietorship, or other business entity may be licensed to operate as a bail bondsman under a single license. Section 3(a) of article 2372p-3, V.T.C.S., provides that no person may act as a bondsman except "persons" licensed under the act and persons licensed to practice law. Section 2(1) defines "person" as an individual or corporation; it no longer includes "other business entities, and associations of persons" as it did prior to the amendment of article 2372p-3 in 1981. Thus, only an individual or a corporation may currently obtain a license under article 2372p-3, V.T.C.S. This interpretation of the current statute is reinforced by the fact that subsections 3(b) and (d) of the act describe licensing eligibility for individuals and corporations, but no such description is included for other business entities. Both the definition of "person" and the lack of eligibility standards for other business entities indicate that the legislature intended that only individuals and corporations be licensed to operate as bail bondsmen under the terms of article 2372p-3, V.T.C.S. This opinion does not address the question of whether one or more individuals, each licensed separately in the capacity of an individual surety, may structure their business as a partnership, sole proprietorship, or other business entity; it addresses only the question of who may obtain a license.

You next ask whether "persons" who are licensed under article 2372p-3 are authorized to have agents or employees sign bail bonds on behalf of the licensee. Because the statutory definition of "person" includes both individuals and corporations, the answer to your question depends on whether the licensee is an individual or a corporation.

If the licensee is an individual, the statute neither prohibits nor authorizes the licensee to have agents or employees sign the bail

bonds in the licensee's behalf. However, article 17.08 of the Code of Criminal Procedure requires the bond to be signed by the name or mark of the surety. This statute has been interpreted as requiring the surety to sign the bond personally, rather than to have the attorney-in-fact for the surety sign the bond. See Ex parte Meadows, 87 S.W.2d 254 (Tex. Crim. App. 1935); Attorney General Opinion WW-889 (1960). Article 2372p-3, V.T.C.S., provides no exception to article 17.08 of the Code of Criminal Procedure when the surety is an individual. Therefore, an individual licensee cannot appoint an agent to sign bonds on its behalf. While such an appointment would not clearly violate article 2372p-3, V.T.C.S., it would violate article 17.08, Code of Criminal Procedure, when the surety is an individual.

However, section 7(c) of article 2372p-3, V.T.C.S., does allow a corporation's agent, who has been designated and authorized as such by a power of attorney filed with the office of the county clerk, to execute bail bonds in the corporation's behalf. The corporation must be qualified to act as a bondsman, and it must also designate its agent and obtain a separate license on behalf of each designated agent. The court in Ex parte Meadows, supra, recognized the power of corporations to execute bail bonds through agents authorized to do so in accordance with the provisions of the statute regulating such practices. Thus, article 2372p-3, V.T.C.S., permits a corporate surety to have bonds signed by its authorized and licensed agent, but it does not permit an individual surety to do the same; the individual surety remains bound by the requirements of article 17.08 of the Code of Criminal Procedure.

Finally, you ask whether a corporation may designate a separate business entity as its agent and thereby allow several employees of the business entity to execute bail bonds without obtaining a license for each employee. Section 7(c), article 2372p-3, V.T.C.S., authorizes a corporation to designate an agent to execute bail bonds on behalf of the corporation, but no definition of the term "agent" is provided. The statute does not specifically prohibit a separate business entity from being designated as the corporation's agent. It simply requires that a corporation acquire a separate license for each agent operating under a power of attorney. In the absence of a specific prohibition against a business entity agent, the corporation is free to appoint the business entity as agent. See generally James N. Tardy Company v. Tarver, 39 S.W.2d 848 (Tex. 1931).

Only an insurance company is authorized to act as a corporate surety in Texas. See Freedom, Inc. v. State, 569 S.W.2d 48 (Tex. Civ. App. - Austin 1978, no writ). Therefore, if such corporate surety does appoint another business entity as its agent to execute bail bonds and that agent subsequently causes its own agents or employees to execute the bonds, then the corporate surety must obtain a license on behalf of each of the secondarily appointed agents or employees who

will actually execute the bonds. Section 7(c) of article 2372p-3, V.T.C.S., clearly requires a separate license for each agent executing bail bonds on behalf of the corporate surety. This separate licensing requirement would be circumvented if the corporate surety could appoint one licensed business entity agent, which in turn could appoint several unlicensed agents, each executing bonds on behalf of the same corporate surety. When the employee of a licensed business entity is engaged in activities that subject a person to the licensing requirements and that are grounds for regulation, then the corporate surety must obtain a separate license for each employee either acting in the capacity as an agent or attorney-in-fact for that insurance company. Morrow v. State, 147 S.W.2d 248 (Tex. Crim. App. 1941). The corporate surety must obtain a license on behalf of each individual who is functioning as the surety's agent, because that is precisely the activity that triggers the separate licensing requirement. Whether there is an intermediate entity between the surety and the agent actually executing the bonds is irrelevant to the question of whether the agent must be licensed.

## S U M M A R Y

Only corporations and individuals may be licensed to act as bail bondsmen, according to article 2372p-3, V.T.C.S. A licensed corporate surety may have authorized agents to sign bonds in its behalf, but an individual surety may not do so, according to article 17.08 of the Code of Criminal Procedure. A licensed corporate surety is not prohibited from designating a separate business entity as its agent for executing bail bonds; however, the corporate surety must obtain a separate license on behalf of each individual who ultimately acts as the surety's agent by executing the bail bonds.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Charmaine Rhodes
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Charmaine Rhodes