TOM WALKER ET AL. V. THE STATE.

No. 11599. Delivered May 9, 1928.

**Forfeiture of Bail Bond—Signature of Principal—By Attorney—Invalid.**

Where an appearance bond is signed by the principal, thus: "Tom Walker, by Attorney F. M. Scott," same is invalid. An appearance bond must be signed by the principal in person to be a binding obligation. See Art. 269, C. C. P., Subd. 4 of Art. 273, C. C. P.; 21 R. C. L., p. 857; Corpus Juris, 6th Vol., p. 1007, and Title of Chap. 4, C. C. P.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a judgment forfeiting an appearance bond. Reversed and remanded.

The opinion states the case.

*Bibb & Caven* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—This is an appeal from a final judgment upon forfeiture of a bail bond.

Appellants, who were sureties, denied under oath the execution of the appearance bond by the principal. It is undisputed that the name of the principal, Tom Walker, was signed by F. M. Scott, in the manner following: "Tom Walker, by Attorney F. M. Scott."

Art. 269, C. C. P., provides:

"A 'bail bond' is an undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; it is written out and signed by the defendant and his sureties."

Subd. 4 of Art. 273, C. C. P., requires that a bail bond "be signed by name or mark by the principal and sureties." Subd. 1 of Art. 436, C. C. P., provides that if a bail bond be "invalid and not binding as to the principal, each of the sureties shall be exonerated from liability." We quote from 21 R. C. L., p. 857, as follows:

"Unless in cases where a personal signature is necessary by reason of some statutory or other prescribed requirement, an agent authorized in any way may bind his principal by a written instrument."

In Corpus Juris, 6th Vol. p. 1009, the general principle applicable to bail bonds is announced as follows:

"Where signatures are required, a signing with the initials or the marks of the parties, or in blank will be sufficient, and the fact that the signatures are not placed at the bottom of the bond will not avoid such bond, but the principal's signature, if required, must be made in person and not by his attorney."

It is seen that our statutes provide that a bail bond must be written out and signed by the principal and sureties by name or mark. Construed in connection with the principle announced in Corpus Juris, supra, we are led to the conclusion that such statutory provisions require that the signature or mark of the principal be made in person. It would follow that the bond under consideration is void.

It was evidently the intention of the legislature, in requiring that the principal's signature or mark be made in person, to avoid in forfeiture proceedings a multiplicity of issues and the uncertainty of recovery by the state. To permit the name of the principal to be signed by another would, when the question of the authority of the agent to act for his principal was raised, enlarge the opportunity to defeat the due administration of justice. A simple procedure for the forfeiture of bail bonds is

provided by statute, and causes which will exonerate the principal and sureties from liability upon the forfeiture are held within narrow limits, evidencing, in our opinion, an intention on the part of the legislature to insure the state against the burden of meeting multiplied issues of fact.   In consonance with such intention, the simple requirement was made that the bond be signed by name or mark by the principal.   See Title 7, Chap. 4, C. C. P.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.