## EX PARTE ALBERT MEADOWS.

No. 17962.   Delivered October 30, 1935.

The opinion states the case.

*Ivan Irwin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Relator was charged by complaint and information in the county court of Dallas County with the offense of theft.  He executed an appearance bond which he signed in person.  The names of the sureties in said bond were signed by their attorney-in-fact, who it appears was duly authorized in writing to execute bail bonds generally.  Relator having been released from custody, the district attorney filed a motion to quash the bond on the ground that the sureties had not personally signed same.  The trial court sustained the motion and relator was rearrested.  Upon a hearing under writ of habeas corpus he was remanded to custody.  Hence this appeal.

In Walker v. State, 6 S. W. (2d) 356, this court considered our statutory provisions relative to the execution of bail bonds and reached the conclusion that they required that the signature or mark of the principal be made in person.  The

statutes to which reference was made relate to the sureties, as well as to the principal. Hence the decision in Walker's Case is applicable to the present situation. It might be added that Art. 279, C. C. P., provides that the court or officer taking the bond may require the sureties to make an affidavit showing their financial condition. We quote the form of the affidavit provided in said statute as follows: "I do swear that I am worth, in my own right, at least the sum of (here insert the amount in which the surety is bound), after deducting from my property all that which is exempt by the Constitution and laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all incumbrances upon my property which are known to me; that I reside in _____ county, and have property in this State liable to execution worth said amount or more."

Again, Art. 280, C. C. P., reads as follows: "Such affidavit shall not be conclusive as to the sufficiency of the security; and, if the court or officer taking the recognizance or bail bond is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the same."

We are mindful of the provisions of Arts. 271-a and 271-b, Vernon's Annotated Code of Criminal Procedure of the State of Texas—1935, Cumulative Annual Pocket Part, providing that under certain conditions any corporation authorized by law to act as surety in this State may join with a principal in the execution of a bail bond. It is observed that said articles require that such corporation shall first file in the office of the county clerk of the county where the bail bond or recognizance is given a power of attorney designating and authorizing the named agent, etc., to execute bail bonds and recognizances. Nothing we have said in the opinion herein or in Walker's Case is intended to deny the power of corporations to execute bail bonds as sureties in accordance with the provisions of the statutes mentioned.

We are constrained to hold that the decision in Walker's Case is controlling and that the action of the trial court in ordering the rearrest of relator was correct.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.