

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 21, 1960

Honorable Tom Blackwell
County Attorney
Austin, Texas

Opinion No. WW-889

Re: Can a surety be bound on
bail bond where the surety's
name was not signed in person
but was signed by a professional
bondsmen acting under a valid
power of attorney specifically
authorizing the signing of
surety bonds?

Dear Mr. Blackwell:

You have asked the following questions:

"(1) Can a surety be bound on bail bond where the
surety's name was not signed in person but was signed by a
professional bondsmen acting under a valid power of attorney
specifically authorizing the signing of surety bonds.

"(2) Should the Sheriff accept a misdemeanor bond from
a professional bondsmen who has become disqualified under the
provisions of Art. 277, C.C.P., who desires to sign the name of
a wealthy resident of the county under a power of attorney
specifically authorizing the signing of surety bonds."

Article 273, Texas Code of Criminal Procedure reads in part as follows:

"A bail bond shall be sufficient if it contains the following requisites:
. . .
4. That the bond be signed by name or mark by the
principal and sureties.
. . ."

In Walker v. State, 109 Tex. Cr. R. 618, 6S.W.2d 356 (1928) the Court of
Criminal Appeals considered the statutory provisions relative to the execution of
bail bonds and reached the conclusion that they required that the signature or
mark of the principal be made in person. Ex parte Meadows, 129 Tex. Cr. R. 297,
87 S.W.2d 254 (1935) extended this ruling and held that where the names of the
sureties on a bail bond were sigend by the attorney in fact for said sureties,who
was duly authorized in writing to execute bail bonds generally, there was no

compliance with Art. 273 §4 of the Texas Code of Criminal Procedure.  Non compliance makes the bond void and of no effect.

In Wilkins v. State, 130 Tex. Cr. R. 36, 91 S.W. 2d 354 (1936), the court held that where an attorney in fact signed the appeal bond instead of the surety in person, the bond was defective and therefore, the Court of Criminal Appeals had no jurisdiction.

In view of the above cases, the answer to both your questions are answered in the negative.

This opinion deals with individuals action as bondsmen and is not intended to affirm or deny the power of corporations to execute bail bonds as sureties in accordance with statutes of this State.

## SUMMARY

1.  A surety cannot be bound on a bail bond where the surety's name was not signed in person but was signed by a professional bondsmen acting under a power of attorney specifically authorizing the signing of surety bonds.

2.  The Sheriff should not accept a misdemeanor bond from a professional bondsmen who has become disqualified under the provisions of Art. 277, C.C.P. who desires to sign the name of a wealthy resident of the county under a power of attorney specifically authorizing the signing of surety bonds.

Yours very truly,

WILL WILSON
ATTORNEY GENERAL OF TEXAS

By

Cecil Cammack, Jr.
Assistant

CC:ca

APPROVED

OPINION COMMITTEE:

W. V. Geppert, Chairman
Tom I. McFarling
Phocion Park
Bob Walls

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore