

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 2, 1962

Honorable Guilford L. Jones
District Attorney
118th Judicial District
Big Spring, Texas

Opinion No. WW-1370

Re: Whether an appearance or
bail bond is valid where
executed by the principal
in person and executed by
one surety in person and
as attorney in fact for
the other surety and re-
lated question.

Dear Mr. Jones:

You have asked the following questions:

"(1)  Is an appearance or bail bond valid where
executed by the principal in person and executed
by one surety in person and as attorney in fact
for the other surety?

"(2)  Is an appeal bond in a criminal case valid
where executed by the principal in person and by
one surety in person and as attorney in fact for
the other surety?"

Article 273, Texas Code of Criminal Procedure reads in
part as follows:

"A bail bond shall be sufficient if it con-
tains the following requisites:

"...

"4.  That the bond be signed by name or mark
by the principal and sureties."

In <u>Walker v. State</u>, 6 S.W.2d 356 (Tex.Crim. 1928), the
Court of Criminal Appeals considered the statutory provisions
relative to the execution of bail bonds and held that the sig-
nature or mark of the principal had to be made in person. The
Court extended this ruling in <u>Ex parte Meadows</u>, 87 S.W.2d 254
(Tex.Crim. 1935) and held that where the names of the sureties
on a bail bond were signed by the attorney in fact for said
sureties who was duly authorized in writing to execute bail

bonds generally, this act did not comply with Article 273, §4 of the Texas Code of Criminal Procedure. Non-compliance made the bond void and of no effect.

In Wilkins v. State, 91 S.W.2d 354 (Tex.Crim. 1936), the Court held that where an attorney in fact signed the appeal bond instead of the surety in person, the bond was defective and therefore, the Court of Criminal Appeals had no jurisdiction.

The Court of Criminal Appeals held in Anderson v. State, 166 S.W.1164 (1914) that the bond now required in the appeal of a case from a Justice or Corporation Court to a County Court is nothing more than an appearance bond. See also Xydias v. State, 76 S.W. 761 (Tex.Crim. 1903).

In Sheppard v. Gill, 58 S.W.2d 169, 171, (Civ. App. 1933), (affirmed by the Supreme Court, 126 Tex. 603, 90 S.W.2d 563) the Court stated:

> "C.C.P. Art. 273, subdivision 4, requires that a bail bond be signed by sureties. Article 277, C.C.P. provides that one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound, ..."

In view of the above cases, both your questions are answered in the negative, unless such bond is executed by one surety in person and the bond is accepted and approved as is provided for in Article 277, Texas Code of Criminal Procedure and related statutes.

### S U M M A R Y

An appearance, appeal, or bail bond is invalid where executed by the principal in person and executed by one surety in person and as attorney in fact for the other surety, unless the surety executing the bond in person is accepted and approved, as is provided for in Article 277, Texas Code of Criminal Procedure and related statutes.

Sincerely,

WILL WILSON
Attorney General of Texas

CRL:bjh

By Charles R. Lind

Charles R. Lind
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

John Reeves
Elmer McVey
Joseph Trimble
Robert Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY: LEONARD PASSMORE