Bobby GREER et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 36988.

Court of Criminal Appeals of Texas.

June 27, 1964.

Rehearing Denied Oct. 21, 1964.

C. C. Divine, Houston, for appellants.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Allen L. Stilley and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an appeal by C. C. Divine and H. G. Divine from a judgment entered in the County Criminal Court at Law No. 2, of Harris County, forfeiting a bail bond.

The bond dated October 13, 1960, is conditioned that the principal Bobby Greer, make her appearance before the Justice Court, Precinct No. 1, Harris County, Texas. It recites that the principal stands charged with "possession of barbiturates, a misdemeanor," and contains the usual provisions that the principal " * * * there to remain in attendance from day to day and from term to term until discharge by due order of the court to answer the aforesaid accusation against him, and shall personally appear for any and all subsequent proceedings had relative to the above charges before the Grand Jury of said County, and before any court of said County in which said subsequent proceedings may be pending * * *."

The Justice Court complaint contained in the record reflects the charge against appellant to be "unlawfully have in her possession barbiturates."

The complaint and information subsequently filed in County Criminal Court at Law No. 2, Harris County, Texas, charges the appellant with "unlawfully possess a dangerous drug to-wit, barbiturates." Judgment nisi was entered on the 6th day of January, 1961, after the appellant failed to appear on the trial date. Said judgment was made final after notice and hearing on February 7, 1964.

The statement of facts from the hearing reflects that appellant, C. C. Divine, a practicing attorney also operated a bail bond business. On October 13, 1960, his secretary came from her office into his with three bail bonds in her hand, which bore surety signatures purporting to be appellant's. She told Mr. Divine about the bonds which an employee of Mr. Divine's had handed to her for her acknowledgment of signatures purporting to be those of C. C. Divine and H. G. Divine. The secretary testified that she knew the signature on the bond in question was not C. C. Divine's, but that C. C. Divine, her employer, told her: " * * * and he said, 'all right, that is all right, notarize them.' "

Appellant C. C. Divine testified that he knew she had two bonds in her hand but did not know she also had the bond in question. He was then asked "and it is your testimony you did not give her consent to acknowledge this bond?

"A. I sure did."

"Q. You gave her consent to acknowledge this bond?"

"A. Yes, without knowing I was doing so."

The record further reflects that appellant had actual notice of what had happened relative to the signature prior to the trial setting and that he considered himself "morally" obligated to the bond.

Under the facts as stated we cannot agree with the contention here advanced by appellant that the bail bond obligation is not valid and binding on him. Appellant adopted the signatures purporting to be his on the bail bond. He did this by his statement to the notary that he had signed the papers in her hand, and his instruction to her to acknowledge the signatures purporting to be his thereon. Stout v. Oliveira, Tex.Civ.App., 153 S.W.2d 590; Mondragon v. Mondragon, 113 Tex. 404, 257 S.W. 215.

Other contentions here advanced by appellant were considered in Hartley et al. v. State, Tex.Cr.App., 382 S.W.2d 483 and found to be without merit.

Finding no reversible error, the judgment is affirmed.