**Alvin ZIDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50940.**

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Allen Weed, Dallas, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a final judgment upon forfeiture of a bail bond. Judgment was taken against appellant as surety and Sylvester Davis, Jr., as principal.

At the request of appellant, the trial court filed findings of fact and conclusions of law. The court found from the evidence that a surety bond in the principal amount of $1,500.00 was filed in the cause on April 26, 1972, bearing the signature of the defendant-principal, and the apparent signature of appellant, Alvin Zidell, written in ink as the surety. That in 1971 appellant entered into an agreement with one P. F. (Pinkey) Brownlee by which appellant would put up certain properties and monies and file an affidavit of net worth with the Sheriff of Dallas County for the purpose of

inducing said Sheriff to approve and accept bail bonds with appellant as surety. That thereafter, with appellant's knowledge, Brownlee signed appellant's name to bonds. That appellant shared in the proceeds derived from such bonds and never instructed Brownlee to stop signing appellant's name to such bonds. That appellant did not deny th.̀ authenticity of such bonds that had been previously forfeited by the trial court until shortly before the instant case. The court concluded that under these circumstances appellant had adopted his signature as signed by Brownlee as valid and authentic.

Appellant in challenging the above conclusion relies upon *Walker, et al. v. State,* 109 Tex.Cr.R. 618, 6 S.W.2d 356; *Ex parte Meadows,* 129 Tex.Cr.R. 297, 87 S.W.2d 254 and *Wilkins v. State,* 130 Tex.Cr.R. 36, 91 S.W.2d 354. Each of these cases is distinguishable from the instant case. In *Walker, supra,* the principal's attorney signed the principal's name by the attorney as agent. Clearly the bond did not purport to be signed by the principal. In *Ex parte Meadows, supra,* the bond clearly showed that it was not signed by the surety but by his attorney in fact. The same was true in *Wilkins, supra.*

In the instant case, however, the bond purported to be signed by appellant as surety. We hold that *Greer v. State,* 382 S.W.2d 481, is controlling in the instant case. In *Greer* this Court held the surety to be liable where he had adopted the signature purporting to be his own even though he had not personally signed the bond.

The judgment is affirmed.

Opinion approved by the Court.