**Tom TIETZ, d/b/a A–A Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–073–CV.**

Court of Appeals of Texas, Austin.

Jan. 20, 1988.

Richard D. Mock, Mock & Webb, Burnet, for appellant.

Ken Anderson, Dist. Atty., Mike Davis, Asst. Dist. Atty., Georgetown, for appellee.

Before GAMMAGE, POWERS and CARROLL, JJ.

GAMMAGE, Justice.

■ This is an appeal by Tom Tietz, d/b/a A–A Bail Bonds, as surety, from a final judgment forfeiting a $25,000 appearance bond. Tietz contends he did not personally sign the bond and is therefore not liable as a surety. We will reverse and render judgment that the State take nothing from Tietz.

Steve Huggins, as principal, and Vivian Chisholm, d/b/a A–A Bail Bonds, as surety, executed an appearance bond on April 28, 1985. Huggins failed to appear and the district court entered judgment nisi[1] declaring forfeiture on November 4, 1985. The judgment nisi tracked the language of the bond, holding Steve Huggins liable as principal and Vivian Chisholm, d/b/a A–A Bail Bonds, liable as surety.

At trial, the evidence showed that Tietz conducted his business under the assumed name "A–A Bail Bonds Co."; that Tietz and Vivian Chisholm carried on a partnership under a written agreement; that Tietz had given Chisholm express written authority to execute bonds for the partnership; and that Tietz shared in the profits from issuance of this bond. Therefore, the State moved for and was granted an amendment to the judgment nisi holding "Vivian Chisholm Agent for A–A Bail Bonds and Tom Tietz d/b/a A–A Bail Bonds" liable as sureties. (emphasis added). The district court entered final judgment holding Chisholm and Tietz jointly and severally liable as sureties.

Tietz complains in his fourth and fifth points of error that the district court erred in entering final judgment against him because he did not personally sign the bond on which the judgment is based. We agree.

■ Texas Code Cr.P.Ann. art. 17.08(4) (1977) requires a bail bond "be signed by name or mark by the principal and sureties." This provision requires that the surety sign the bond personally, rather than permitting an attorney-in-fact for the surety to sign the bond. Ex parte Meadows, 129 Tex.Cr.R. 297, 87 S.W.2d 254 (1935); Op.Tex.Att'y Gen. No. MW–507 (1982). Because there is no evidence Tietz personally signed the bond, he cannot be held liable as surety.[2]

We reverse and render judgment that the State take nothing against Tom Tietz, d/b/a A–A Bail Bonds.

---

1. Nisi means unless. A judgment nisi is a judgment that will become final unless the party affected appears and shows cause against it. Black's Law Dictionary 944 (5th ed. 1979).

2. Currently, a sheriff must obtain a personal signature to hold an individual liable as a surety on a bail bond; only a corporate surety can be bound by its authorized agents.