Will **WEDDEL, d/b/a Will's Bonding Service, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 08–88–00023–CV.

Court of Appeals of Texas, El Paso.

Aug. 10, 1988.
Rehearing Denied Sept. 7, 1988.

Warren Heagy, Odessa, for appellant.

Phil J. Pollan, Dist. Atty., Fort Stockton, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal by surety from a bond forfeiture arising out of a criminal prosecution. The judgment resulted from a consolidated hearing of eight bond forfeitures, all eight cases being the subject of companion appeals before this Court as follows:

| Appeal No. Number | Trial Court # | Principal | Bond Amount | Bonded | Failed To Appear |
|---|---|---|---|---|---|
| 08–88–00023–CV | 4735 | O. Villegas | $20,000.00 | 3/20/86 | 7/15/86 |
| 08–88–00024–CV | 4744 | R. Rodriguez | $ 7,500.00 | 7/04/86 | 8/08/86 |
| 08–88–00025–CV | 4745 | R. Rodriguez | $10,000.00 | 7/04/86 | 8/08/86 |
| 08–88–00026–CV | 4746 | R. Rodriguez | $25,000.00 | 7/04/86 | 8/08/86 |
| 08–88–00027–CV | 4747 | R. Rodriguez | $25,000.00 | 7/04/86 | 8/08/86 |
| 08–88–00028–CV | 4748 | O. Villegas | $15,000.00 | 3/20/86 | 8/08/86 |
| 08–88–00029–CV | 4749 | O. Villegas | $15,000.00 | 3/20/86 | 8/08/86 |
| 08–88–00030–CV | 4750 | O. Villegas | $25,000.00 | 3/20/86 | 8/08/86 |

The same legal and factual issues are presented in each case.

Appellant purchased a bail bond business formerly known as Ike's Bonding Service and secured a license in his own name. Operation of the new business, Will's Bonding Service, was left entirely in the hands of the former owner Truman Isaacs. During the two-year period of Isaacs' management, ending September 1986, Weddel never reviewed the business records, did not know who or how many people were employed there, never inquired as to the actual daily operation of the business and only visited the premises on one evening during the second year of operation.

Gary Pringle testified that he was hired by Isaacs on September 1, 1985, and was placed in charge of making all bonds. Prenotarized bond forms were kept at the office. Isaacs and at least two other female employees would sign "Will Weddel" to the surety line on the forms which were then used to secure the release of detained persons. Weekly activity reports showing principal, bond amounts, bond fees and divisions of fees with Weddel were submitted to Weddel by Isaacs. Pringle testified that he approved the eight bonds in these cases, that Isaacs signed Will Weddel on each bond and that Pringle took the bonds to Fort Stockton and secured the release of principals Villegas and Rodriguez. Villegas first went to trial on July 14, 1986. The next day, after the jury returned a guilty verdict, Villegas failed to reappear. Hearings on Villegas' other three cases and the four cases against Rafael Rodriguez were set for August 8, 1986. Neither appeared. Judgments nisi were issued. A final bond forfeiture hearing addressing all eight cases was conducted on September 17, 1987. Appellant defended primarily on the basis of Isaacs having improperly signed his name to the bonds. Appellant contended first that an agent could not sign for a non-corporate surety, and secondly, that even if agency signatures were proper, in this case Isaacs' authority to sign for Weddel was exceeded. The trial court concluded that Appellant was liable for having created an apparent authority in Isaacs relied upon by the State, and alternatively, that Appellant, regardless of any limitation on authority granted Isaacs at the outset, ratified the signatures in these cases.

██ With regard to the requirement of personal signature by a non-corporate sure-

ty, Appellant relies upon an Attorney General opinion, Op.Tex.Atty.Gen. No. MW–507 (1982), and the opinion in *Ex parte Meadows*, 129 Tex.Crim. 297, 87 S.W.2d 254 (1935). *Meadows* itself was based upon *Walker v. State*, 109 Tex.Crim. 618, 6 S.W.2d 356 (1928), which in turn relied primarily upon Corpus Juris. Neither side has cited the more persuasive authority of *Zidell v. State*, 530 S.W.2d 577 (Tex.Crim. App.1975), which addresses all theories of defense and liability presented concerning the surety signatures in this case. The facts in *Zidell* are significantly similar to those before this Court. In *Zidell*, the trial court entered a final judgment forfeiting a bail bond bearing the apparent signature of Zidell as surety. Proof showed that one Pinkey Brownlee had in fact signed Zidell's name. The evidence further showed that one year before the bond was issued, Zidell and Brownlee entered an agreement in which Zidell provided the financial security to obtain approval to operate as a bail bond surety. Thereafter, Brownlee, with Zidell's knowledge, signed Zidell's name to bonds. Zidell shared in the bond fees collected, never instructed Brownlee to stop signing his name and did not deny authenticity of other bonds issued in this matter and previously declared forfeit by the trial court. The Court of Criminal Appeals upheld the trial court's conclusion that Zidell adopted the signatures and that such agent signatures were binding on Zidell. Point of Error No. One is clearly without merit and is overruled.

Points of Error Two and Three concern whether Isaacs exceeded a limited grant of agency authority and whether, if he did, Weddel ratified such action. A principal (in the context of agency) may be bound by acts of his agent if such actions are within the agents apparent authority:

[A]n "apparent agent" is one who the principal, either intentionally or else by lack of ordinary care, induces third persons to believe is his agent, even though no actual authority, either express or implied, has been granted to such agent. If the principal has thus clothed the agent with such apparent authority, he will not be heard to assert, as against third persons dealing with the agent on the strength of such authority, that he did not intend to vest such authority in the agent.

3 Tex.Jur. III, *Agency* sec. 47, pp. 78–80 (1980). *Wells Fargo Business Credit v. Ben Kozloff, Inc.*, 695 F.2d 940 (5th Cir. 1983). We have already noted some of the evidence regarding the limited oversight engaged in by Appellant. He essentially provided the financial backing, looked for his share of the bonding fees, but left the remainder of the operation of the business to Isaacs. Appellant had, by conscious design or conscious indifference, clothed Isaacs with such apparent total authority that Gary Pringle, an employee of the business, believed for ten months that Isaacs was the owner. The status quo was best exemplified in Appellant's testimony on cross-examination:

Q. Now, was Isaacs in charge of your business, sir?

A. I guess he was, as far as I know.

Q. All right. He represented you in whatever transactions he did concerning the bonding business?

A. I guess he did. I don't know. Like I said, I never did go down there.

Q. Well, sir, if he didn't do it, who did?

A. I don't know.

Q. But he was your top man at the bonding business?

A. He's supposed to've been.

Appellant created this situation and allowed it to continue for nearly eighteen months prior to issuance of the bonds in question. During that time, the courts and sheriffs of Ector County and other nearby counties reasonably relied upon the apparent (and de facto) total authority vested in Isaacs by Appellant. This is an appropriate basis for application of that species of estoppel known as apparent authority.

Appellant contends that while vesting some authority in Isaacs, he expressly limited such authority in terms of geographical issuance of bonds and maximum size of bonds to be issued without his express authorization.

An agent's authority is presumed to be coextensive with the business entrusted to his care. Such presumed or apparent authority is not diminished by private limitation placed thereon by the principal, where such limitations are known only to the principal and the agent, and are not communicated to innocent third parties dealing with the agent.

3 Tex.Jur. III, *Agency* sec. 53, pp. 90–91 (1980). *Longoria v. Atlantic Gulf Enterprises, Inc.*, 572 S.W.2d 71 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Southline Equipment Co. v. National Marine Service, Incorporated*, 598 S.W.2d 340, 343 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The purported limitations on Isaacs' authority were communicated to Isaacs, Pringle, Jim Richards (called in by Appellant to oversee the operation after January 1986) and Appellant's daughter. But no limitation on such authority was ever communicated to innocent third parties who could reasonably be expected to rely upon Isaacs' conduct in writing bonds, namely the affected courts and county sheriffs. Furthermore, there seems to have been some confusion as to the exact parameters of the limitation. Richards testified that his understanding was that express approval by Appellant was required for out-of-county bonds that exceeded $10,000.00. Pringle, Appellant's daughter and Appellant himself testified that the limitation was for *any* out-of-county bonds *or* any bonds which exceeded $10,000.00. The distinction is even more significant with regard to the ratification theory of liability. In any event, under the circumstances presented by the testimony, Appellant was properly estopped from asserting that Isaacs exceeded his agency authority. Point of Error No. Two is overruled.

■ Was there a sufficient evidentiary basis for the trial court to conclude that there has been a ratification by Appellant? As early as January 1986, Appellant was advised by his daughter that Isaacs was exceeding his authority in certain respects pertaining to out-of-county bonds. It is for that reason that he sought the assistance of Jim Richards. The daughter confronted Isaacs in January, March and April. Richards questioned the out-of-county bonding in late April or early May 1986. Viewed in a light most favorable to the judgment, the evidence established that initial limitation of authority precluded Isaacs from personally issuing *any* out-of-county bonds, regardless of amount. Weekly reports submitted to Appellant (Defense Exhibit No. Two) may have been falsified by Isaacs with regard to bond amounts, but impliedly shows out-of-county bonds being issued. The bond list included the name of the principal, and the amount of bond. The listings contained the warrant number, or the word "CITY", or the letters "O/T". "O/T" strongly suggests out of town bonds. Appellant was on notice prior to the issuance of these eight bonds in March and July of 1986, that Isaacs was exceeding the alleged limitation on his agency authority. Appellant took no step to immediately clarify the situation and take corrective action. No effort was made to surrender the principal and cancel the bonds. No communication of the limitation in Isaacs' authority was made even at this stage to any court or sheriff. The bonds were left in place while Appellant proceeded slowly, quietly and completely internally through Richards to discover the extent of Isaacs' conduct. In doing so, Appellant assumed the risk brought to fruition in these eight cases. Ratification by inaction is an appropriate characterization. Point of Error No. Three is overruled.

■ Point of Error No. Four complains of the sheriff's action in calling the principals to their hearings as a predicate to forfeiture under Tex.Code Crim.Pro.Ann. art. 22.02 (Vernon 1966). Sheriff Wilson of Pecos County testified that on July 15, when Oscar Villegas did not return for the punishment phase of his trial, he personally called his name three times at the courthouse door, without response. On August 8, 1986, when Villegas failed to appear for his other three cases and Rafael Rodriguez failed to appear for his four cases, Wilson called each principal's name three times at the courthouse door, again receiving no response. We point out that calling the

defendant's name three times is a tradition, no where mandated by statute or case law. Article 22.02 simply directs that his name be called distinctly. Appellant, without citation of authority, contends that since multiple cases were set, the sheriff was required to repeat procedure for each indicted case—on August 8, calling Villegas's name nine times and Rodriguez's name twelve. The complaint is as devoid of merit as it is devoid of supporting authority. Point of Error No. Four is overruled.

The judgment is hereby affirmed.

OSBORN, C.J., and FULLER, J., concur.