

# THE ATTORNEY GENERAL
## OF TEXAS

February 27, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Rene Guerra
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas   78539

Opinion No.   JM-1023

Re: Authority of a county bail bond board to limit issuance of a bail bond license to a single individual who seeks to operate under different assumed names   (RQ-1636)

Dear Mr. Guerra:

You ask whether  the Hidalgo  Bail Bond  Board has  the authority to limit the  issuance of a  bail bond license  to one license per individual even  though the person seeks  to operate more  than one  bail  bond company  under  different assumed names.

You provide the following information that prompts your question.

> In  Hidalgo  County,  we  have  approximately twenty-four (24)  bail bond  companies.   Not all of these businesses are owned by  different bondsmen.   In fact, some bondsmen operate or plan to operate as many as four  different bail bond businesses.  The reason for operating more than one bonding company is  because it allows them for [sic] more than one  listing at the County Jail Bail Bond List,   which subsequently increases one's chances of being chosen  when  a  bondsman  is  sought  by  a prisoner.

> For example:    H   (husband)   is   licensed   to operate  H-1  Bail  Bonds  and  W  (wife)   is licensed to  operate  W-1  Bail  Bonds.    The issue  arises  when  H  seeks  a  license  to operate H-3 Bail Bonds.

In Attorney General Opinion MW-507 (1982) the questions of who may be licensed as a bail bondsman and who may sign a bail bond under article 2372p-3, V.T.C.S., were addressed. In Attorney General Opinion MW-507 it was stated:

> Section 3(a) of article 2372p-3, V.T.C.S., provides that no person may act as a bondsman except 'persons' licensed under the act and persons licensed to practice law. <u>Section 2(1) defines 'person' as an individual or corporation; it no longer includes 'other business entities</u>, and associations of persons' as it did prior to the amendment of article 2372p-3 in 1981. Thus, only an individual or a corporation may currently obtain a license under article 2372p-3, V.T.C.S
>
> . . . .
>
> If the licensee is an individual, the statute neither prohibits nor authorizes the licensee to have agents or employees sign the bail bonds in the licensee's behalf. However, article 17.08 of the Code of Criminal Procedure requires the bond to be signed by the name or mark of the surety. <u>This statute has been interpreted as requiring the surety to sign the bond personally,</u> rather than to have the attorney-in-fact for the surety sign the bond. <u>See Ex parte Meadows</u>, 87 S.W.2d 254 (Tex. Crim. App. 1935); Attorney General Opinion WW-889 (1960). Article 2372p-3, V.T.C.S., provides no exception to article 17.08 of the Code of Criminal Procedure when the surety is an individual. Therefore, an individual licensee cannot appoint an agent to sign bonds on its behalf. While such an appointment would not clearly violate article 2372p-3, V.T.C.S., it would violate article 17.08, Code of Criminal Procedure, when the surety is an individual. (Emphasis added.)

Section 6(a) of article 2372p-3 provides that the application of a person for a license shall include "the name under which the business shall be conducted." In Attorney General Opinion MW-321 (1981) it was stated that no provision of article 2372p-3 prevents the use of an assumed name. No provision is made for the licensee to operate

under more than one name, the statute providing "the name under which the business shall be conducted." (Emphasis added.)

While a bail bondsman may operate his business under an assumed name, only the individual (or corporation) may qualify as an applicant; and when acting as a surety the individual must sign the bond personally. It is the individual that is eligible to apply for a license rather than the business being operated under an assumed name. A bail bond business operating under an assumed name is not a distinct entity from another such business bearing a different assumed name so as to enable the individual owner of both businesses to be eligible for two licenses. Since article 2372p-3 prohibits the issuance of a license to anyone other than an individual or a corporation, a county bail bond board is without authority to grant more than one bail bond license to any person.

## S U M M A R Y

Article 2372p-3, V.T.C.S., does not authorize a county bail bond board to grant more than one bail bond license to any person.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General