# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 30, 2004

The Honorable Cecil L. Solomon
Franklin County Attorney
200 North Kaufman
Mount Vernon, Texas 75457

Opinion No. GA-0288

Re: Whether a sheriff in a non-bail bond board county must accept a bail bond signed by an individual surety's attorney-in-fact (RQ-0246-GA)

Dear Mr. Solomon:

You ask whether a sheriff in a non-bail bond board county must accept a bail bond signed by an individual surety's attorney-in-fact.[1] You also ask two related questions about the effect of a bail bond signed by an individual surety's attorney-in-fact. *See* Request Letter, *supra* note 1, at 2.

## I.    Legal Background: Taking Bail Bonds under Chapter 17 of the Criminal Code of Procedure

Chapter 1704 of the Occupations Code provides for bail bond boards to regulate bail bond sureties in counties with a population of 110,000 or more or counties that have established a board. *See* TEX. OCC. CODE ANN. §§ 1704.051-.052 (Vernon 2004). In non-bail bond board counties, bail bond sureties are not regulated under chapter 1704. Rather, in a county without a bail bond board, the taking of bail bonds is generally governed by chapter 17 of the Code of Criminal Procedure. *See id.* § 1704.002; *see also Castaneda v. Gonzalez*, 985 S.W.2d 500, 503 (Tex. App.–Corpus Christi 1988, no writ) (holding that in a county where no bail bond board has been created, chapter 17 of the Code of Criminal Procedure controls the taking of bail bonds). As chapter 17 governs the taking of bail bonds in your county,[2] we examine its provisions in some detail.

While chapter 1704 of the Occupations Code provides for the licensing of bail bond sureties and requires a sheriff to accept bail bonds executed by license holders, *see* TEX. OCC. CODE ANN. § 1704.201 (Vernon 2004), chapter 17 of the Code of Criminal Procedure establishes very few

---

[1]*See* Letter from Honorable Cecil L. Solomon, Franklin County Attorney, to Honorable Greg Abbott, Texas Attorney General (July 9, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]You state that Franklin County's population is less than 110,000 and that Franklin County has not elected to establish a bail bond board. *See id.* at 1; *see also* Bureau of the Census, U.S. Dep't of Commerce, 2000 Census of Population, *available at* http://www.census.gov/ (population of Franklin County: 9,458).

qualifications for a person to act as an individual surety. An individual acting as surety must be a Texas resident and offer sufficient security. *See* TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977). An individual is disqualified to act as surety on a bond if in default on a prior bond, "so long as he is in default on said bond." *Id.* art. 17.11, § 2 (Vernon Supp. 2004-05).

Most of the case law and attorney general opinions addressing the authority of officers taking bail bonds under chapter 17 deal with assessing an individual surety's security. Chapter 17 authorizes any "court, judge, magistrate, or other officer" taking a bail bond to "require evidence of the sufficiency of the security offered." *Id.* art. 17.11, § 1 (Vernon 1977). The sufficiency of the security offered by a surety is governed by articles 17.11 through 17.14. Article 17.11 provides that "one surety shall be sufficient if such surety is worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound." *Id.* The officer taking the bail bond may require an affidavit attesting to the surety's worth. *See id.* art. 17.13. Article 17.14 provides that the officer may require further evidence "if the . . . officer taking the bail bond is not fully satisfied as to the sufficiency of the security offered." *Id.* art. 17.14.

While articles 17.11 through 17.14 give an officer taking a bail bond broad discretion to determine whether the security offered by a surety is sufficient, *see* Tex. Att'y Gen. Op. No. DM-483 (1998) at 6 (concluding that Code of Criminal Procedure articles 17.11, 17.13, and 17.14 authorize a sheriff taking a bail bond to consider other bonds executed by the surety), "chapter 17 does not require a person to obtain a license to be eligible to act as a surety nor does it authorize an officer taking a bond to require a surety to be licensed," Tex. Att'y Gen. LO-98-105, at 2-3. Furthermore, the authority to assess the sufficiency of the security offered is vested in "[e]very court, judge, magistrate or other officer taking a bail bond," TEX. CODE CRIM. PROC. ANN. art. 17.11, § 1 (Vernon 1977); *see also id.* arts. 17.20-.22 (provisions governing when a peace officer may set and take bail); chapter 17 does not vest any special authority in the sheriff.

As a result, a court has expressly concluded that these Code of Criminal Procedure provisions do not authorize a sheriff to adopt rules imposing a licensing system for bail bond sureties akin to that set forth under chapter 1704 of the Occupations Code. *See Castaneda v. Gonzalez*, 985 S.W.2d 500 (Tex. App.–Corpus Christi 1998, no writ); *see also* Tex. Att'y Gen. LO-98-105. In the *Castaneda* opinion, the court noted that "[i]n counties where a bail bond board exists, the board may only adopt such rules as are authorized by and are consistent with statutory authority, and may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions." *Castaneda*, 985 S.W.2d at 504 (citing *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.–San Antonio 1980, no writ)). An officer taking bail bonds under chapter 17 of the Code of Criminal Procedure "is prohibited from adopting rules which exceed statutory authority in the same way bail bond boards" governed by chapter 1704 of the Occupations Code are limited to adopting rules authorized by and consistent with chapter 1704. *Castaneda*, 985 S.W.2d at 504.

The *Castaneda* court concluded that the sheriff's authority to require evidence of the sufficiency of the security offered by bondsmen under articles 17.11 and 17.14 authorized the sheriff to require bondsmen to fill out an application form. *See id.* at 503. However, the sheriff lacked authority to impose substantive requirements not authorized by articles 17.11 and 17.14. Thus, the sheriff could not require bondsmen "to accept suspension of their authority to write bonds when in litigation concerning forfeitures and [to] agree to indemnify the Sheriff for expenses and attorney fees in any litigation with him," nor could the sheriff require bondsmen to pledge collateral. *Id.*

Your questions pertain not to a sheriff's authority to ascertain the sufficiency of an individual surety's security but rather to a sheriff's authority with respect to a bond's form. Article 17.08, entitled "Requisites of a Bail Bond," provides that "[a] bail bond must contain the following requisites," including among other things, "[t]hat it be made payable to 'The State of Texas,'" that the defendant and sureties "bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him," and "[t]hat the bond be signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address." TEX. CODE CRIM. PROC. ANN. art. 17.08(1)-(2), (4) (Vernon Supp. 2004-05). Legal authorities addressing article 17.08 deal with forfeited bonds' validity, and we have located no cases addressing the authority of an officer taking a bail bond to ensure that a bond complies with article 17.08's requisites. However, we have no doubt that a court would conclude that such an officer is authorized to require that a bond he or she takes comports with article 17.08's requisites. *See generally Castaneda*, 985 S.W.2d at 503 (holding that a sheriff's rule requiring bondsmen to fill out an application form was supported by the sheriff's authority under Code of Criminal Procedure, articles 17.11 and 17.14).

## II.    Analysis

You explain that it has been the practice in your county "for certain individuals to qualify as bondsmen by demonstrating the sufficiency of their security in the form of an affidavit." Request Letter, *supra* note 1, at 1. We gather that the individuals submit affidavits in advance of signing a bond for a particular principal and that they are essentially prequalified to act as surety in the county. After demonstrating the sufficiency of their security, "bondsmen then attempt to create an attorney-in-fact by signing a power of attorney that authorizes another individual to write bonds on behalf of the bondsman" and the agents "mak[e] bonds at the sheriff's department, either by signing their own names or that of the surety for whom they work." *Id.* However, the sheriff "has come to question whether bonds made pursuant to this practice violate chapter 17 of the Texas Code of Criminal Procedure" because the bonds "do not bear the signature of the surety." *Id.*

Your first question is:

> Must a Texas Sheriff in a non-bail bond board county accept a bond from an attorney-in-fact for an individual surety (as distinguished from a corporate surety) who has demonstrated that the surety has sufficient security, but there has been no such showing for the purported attorney-in-fact?

*Id.* at 1-2.

Article 17.08, which establishes bail bond requisites, provides in pertinent part that a bail bond must be "signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address." TEX. CODE CRIM. PROC. ANN. art. 17.08(4) (Vernon Supp. 2004-05). This statute, in requiring that a bail bond be signed by name or mark by the surety, who must also write his mailing address on the bond, clearly indicates that the surety must sign or mark the bond personally. *See id.* ("the bond [must] be signed by name or mark *by* the principal and sureties, if any, *each of whom shall write thereon his* mailing address") (emphasis added). In addition, it is clear from articles 17.11 through 17.14 that "surety" in article 17.08(4) means the person whose security has been assessed and not any other person. *See, e.g., id.* arts. 17.11, § 1 ("one surety shall be sufficient if such surety is worth at least double the amount of the sum for which he is bound"), 17.13 (providing that the oath for testing the sufficiency of the security offered for a bail bond shall state, "I, do swear that I am worth, in my own right, at least the sum of . . . ."). Thus, by its plain terms, article 17.08(4) authorizes an officer taking a bail bond to require that the bond be personally signed (or marked) by the surety rather than by the surety's attorney-in-fact on the surety's behalf, either by signing the surety's name (or mark) or the attorney-in-fact's name.

Furthermore, as you note, article 17.07 requires "[a]ny corporation authorized by the law of this State to act as a surety" to file with the county clerk a power of attorney designating and authorizing "the named agent, agents, or attorney of such corporation to execute" bail bonds on its behalf. *Id.* art. 17.07 (Vernon 1977). Because no provision in chapter 17 provides for individual sureties to authorize agents to execute bail bonds on their behalf, individual sureties have no statutory entitlement to have an attorney-in-fact sign bonds on their behalf.

Accordingly, we conclude that a sheriff is not required to accept a bail bond signed by the surety's attorney-in-fact on the surety's behalf and may refuse to do so. This authority is based on article 17.08 and is not affected by the fact that the surety may have demonstrated sufficient security. Moreover, requiring a surety to sign personally a bond would be "authorized by and . . . consistent with statutory authority" and would not "impose additional burdens, conditions, or restrictions." *Castaneda*, 985 S.W.2d at 504 (holding that an officer taking bail bonds under chapter 17 of the Code of Criminal Procedure is prohibited from adopting rules which exceed statutory authority in the same way bail bond boards are limited to adopting rules authorized by and consistent with chapter 1704 of the Occupations Code).

Next you ask two questions about the effect of a bail bond that has been signed by an attorney-in-fact either in his own name on behalf of the surety or with the name of the surety:

> What is the legal effect of a "bond" that an attorney-in-fact signs with his own name under authority of an individual surety who had demonstrated that the surety had sufficient security, but there was not such showing for the purported attorney-in-fact?

> What is the legal effect of a "bond" that an attorney-in-fact signs with the name of an individual surety, where the surety has

> demonstrated that the surety had sufficient security, but the attorney-in-fact has not demonstrated that his own security is sufficient?

Request Letter, *supra* note 1, at 2.

These questions relate to a bond's subsequent enforceability against the surety rather than the authority of an officer taking a bond to insist that the surety personally sign it. The article 17.08(4) requirement that a bail bond be "signed by name or mark by the principal and sureties, if any," TEX. CODE CRIM. PROC. ANN. art. 17.08(4) (Vernon Supp. 2004-05), has been addressed by courts in connection with challenges to bonds' validity. Significantly, there are two lines of cases involving the validity of a bond signed by a surety's agent.

The first line of cases involves bonds signed by an attorney-in-fact in the attorney-in-fact's name. In 1935, the Texas Court of Criminal Appeals quashed an appearance bond on which the names of the sureties "were signed by their attorney in fact, who it appears was duly authorized in writing to execute bails bonds generally," *Ex Parte Meadows*, 87 S.W.2d 254, 254 (Tex. Crim. App. 1935), concluding that a predecessor provision to article 17.08(4) required that the signatures of both the principal and sureties "be made in person," *id.* (citing *Walker v. State*, 6. S.W.2d 356 (Tex. Crim. App. 1928)); *see also Wilkins v. State*, 91 S.W.2d 354 (Tex. Crim. App. 1936) (holding defective an appeal bond not signed by two sureties, as required by law, but by one surety signing by attorney-in-fact).[3]

In 1988, relying on the 1935 decision, the Austin Court of Appeals construed article 17.08(4) to require "that the surety sign the bond personally, rather than permitting an attorney-in-fact for the surety to sign the bond." *Tietz v. State*, 744 S.W.2d 353, 354 (Tex. App.–Austin 1988, no writ). In that case, Tietz did business as A-A Bail Bonds, had entered into a written partnership agreement with Chisolm, and had given her express written authority to execute bail bonds for the partnership. *See id.* Chisolm had signed the bond at issue as "Vivian Chisolm, d/b/a A-A Bail Bonds." *Id.* The court concluded that because there was no evidence that Tietz had signed the bond, he could not be held liable as surety. *See id.*; *see also Scott v. State*, 649 S.W.2d 354, 356 (Tex. App.–Eastland

---

[3]In 1960, relying on *Ex Parte Meadows*, this office concluded that "a surety cannot be bound on a bail bond where the surety's name was not signed in person but was signed by a professional bondsman acting under a power of attorney specifically authorizing the signing of surety bonds" and that a sheriff "should not accept" a bond from a bondsman who wishes to sign the name of another person under a power of attorney specifically authorizing the signing of surety bonds. Tex. Att'y Gen. Op. No. WW-889 (1960) at 2.

In 1982, this office considered whether the agent or employee of an individual licensed as a bondsmen under the statutory predecessor to chapter 1704 of the Occupations Code may execute bonds on the licensee's behalf. Relying on *Ex Parte Meadows*, this office concluded that while the licensing statute did not address the issue, article 17.08(4) prohibited the practice. *See* Tex. Att'y Gen. Op. No. MW-507 (1982); *see also* Tex. Att'y Gen. Op. No. JM-1023 (1989) (concluding that the statutory predecessor to chapter 1704 of the Occupations Code did not authorize a county bail bond board to grant more than one bail bond license to any person in part because when acting as a surety, an individual must sign the bond personally). Chapter 1704 now expressly provides that an individual who executes a bail bond in a bail bond board county must be licensed. *See* TEX. OCC. CODE ANN. §§ 1704.001(2), (5) (Vernon 2004) (defining "bail bond surety" to include an individual who "executes a bail bond as a surety" or who "for compensation deposits cash to ensure the appearance in court of a person accused of a crime"), 1704.151 ("a person may not act as a bail bond surety . . . unless the person holds a license issued under this chapter").

1983, no writ) (concluding that "Eagle Bail Bond by Danny C. Morgan" stamped on a bond complied with article 17.08(4), "[t]here being no evidence that the use of the stamp was unauthorized," but holding that Scott and Bledsoe, officers of the corporation doing business as Eagle Bail Bond, whose names did not appear in the stamp or anywhere else on the bond, were not liable on the bond).

The second line of cases, particularly two Texas Court of Criminal Appeals cases subsequent to *Ex Parte Meadows*, address bail bonds signed with the surety's name by another person. The first case involved an attorney, who also operated a bail bond business, who had authorized his secretary to notarize the signature of his name on three bail bonds, each of which had actually been signed by his employee. *See Greer v. State*, 382 S.W.2d 481, 482 (Tex. Crim. App. 1964). The attorney later contended that he had not intended to authorize his signature on one of the bonds, but the court concluded that the attorney had "adopted the signature purporting to be his on the bail bond" and that he was bound by the bond. *See id.* at 483.

Similarly, in the second case, the court considered the validity of a bond bearing "the apparent signature of . . . Zidell, written in ink as the surety." *Zidell v. State*, 530 S.W.2d 577 (Tex. Crim. App. 1975). Zidell had a business agreement with Brownlee and authorized Brownlee to sign his name on bonds. *See id.* at 577-78. The lower court had concluded that under these circumstances Zidell "had adopted his signature as signed by Brownlee as valid authentic." *Id.* at 578. The court distinguished *Ex Parte Meadows* on the basis that that case involved a bond that was "not signed by the surety but by his attorney in fact," and following *Greer*, affirmed the lower court's holding that Zidell had adopted the signature purporting to be his own. *Id.*; *see also Weddel v. State*, 756 S.W.2d 76, 78 (Tex. App.–El Paso 1988, no writ) (bail bond business owner who permitted employees to sign his name on bonds adopted the signatures and was bound by them) (citing *Zidell*); Tex. Att'y Gen. Op. No. JC-0121 (1999) at 3 ("An individual acts as a surety on a bail bond either by signing it personally or, in certain circumstances, authorizing an agent to do so on his behalf.") (citing article 17.08(4), *Zidell*, and *Weddel*).[4]

These Texas Court of Criminal Appeals cases subsequent to *Ex Parte Meadows* indicate that when a surety authorizes an agent to sign the surety's name to a bond, courts will hold a surety liable on a bond even though the surety did not personally sign it.[5] They do not address a bond signed by an attorney-in-fact in the attorney-in-fact's name. However, they suggest that courts now may be

---

[4]Your suggestion that Attorney General Opinion JC-0121 construes article 17.08(4) to provide that an agent may sign a bond on a surety's behalf misreads the opinion. *See* Request Letter, *supra* note 1, at 3. The opinion does not construe the statute, but merely observes, in generally describing a bail bond as a contract in which the county has an interest, that an individual acts as a surety on a bail bond either by signing it personally, as provided in the statute, or, in certain circumstances, by authorizing an agent to do so on his behalf, citing *Zidell* and *Weddel*, recognizing that the courts in those cases concluded that the surety was liable on the bond. *See* Tex. Att'y Gen. Op. No. JC-0121 (1999) at 3.

[5]To the extent Attorney General Opinion WW-889 suggests that a surety can never be bound by a bail bond signed with the surety's name by an attorney-in-fact, it is inconsistent with subsequent Texas Court of Criminal Appeals cases. *See* Tex. Att'y Gen. Op. No. WW-889 (1960) at 2 (stating that "a surety cannot be bound on a bail bond where the surety's name was not signed in person but was signed by a professional bondsman acting under a power of attorney specifically authorizing the signing of surety bonds").

less strict about the article 17.08(4) requirement in the bond forfeiture context and could hold an individual liable on a bond signed with an attorney-in-fact's name when the evidence establishes that the individual intended third parties to rely on the attorney-in-fact's authority to bind the individual as a surety. But this will not be the outcome in every fact situation. *See, e.g., Tietz*, 744 S.W.2d 353 (1988 case holding that alleged surety whose name did not appear on the bond could not be held liable on the bond); *Scott*, 649 S.W.2d at 356 (1983 case holding that Scott and Bledsoe, officers of the corporation doing business as Eagle Bail Bond, whose names did not appear anywhere on the bond, were not liable on the bond).

Thus, in answer to your specific questions, a court may conclude that a surety is liable on a bond "an attorney-in-fact signs with the name of an individual surety" or "an attorney-in-fact signs with his own name under authority of an individual surety." *See* Request Letter, *supra* note 1, at 2. As the case law demonstrates, however, whether any particular bond is valid or binds the surety will depend upon the facts.

Finally, we wish to emphasize that these cases involve bond forfeitures rather than the authority of an officer taking a bail bond. None of these decisions suggests that an officer taking a bail bond lacks authority under article 17.08(4) to require an individual surety to sign the bond or that an individual surety has the right to insist that an officer taking a bail bond permit an attorney-in-fact to sign bonds on the surety's behalf. Moreover, given the potential added level of complexity in enforcing a bond that has been signed by an attorney-in-fact, requiring an individual surety to sign personally a bail bond may be a prudent practice.

## S U M M A R Y

In a county that has not established a bail bond board under chapter 1704 of the Occupations Code, the authority of an officer taking a bail bond to assess a surety's qualifications is governed by chapter 17 of the Code of Criminal Procedure. A sheriff is not required to accept a bail bond signed by an individual surety's attorney-in-fact on the surety's behalf. A sheriff's authority to require a surety to sign a bond is based on article 17.08(4) of the Code of Criminal Procedure, which establishes the requisites of a bail bond, and is not affected by the fact that the surety may have demonstrated sufficient security.

In the bail bond forfeiture context, a court may hold an individual surety liable on a bond even though the surety did not personally sign it, depending on the particular facts. However, no statute or case suggests that an officer taking a bail bond lacks authority under article 17.08(4) to require an individual surety to sign the bond or that an individual surety has the right to insist that an officer taking a bail bond permit an attorney-in-fact to sign bonds on the surety's behalf.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee