**Guillermo CARDENAS, Principal, Ray Alfaro d/b/a Alfaro Bail Bonds, Surety, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 04–82–00562–CV.

Court of Appeals of Texas, San Antonio.

Dec. 19, 1984.

William Porter, Porter, Madalinski, Mayo, Salyer & Sims, San Antonio, for appellants.

Barry P. Hitchings, San Antonio, for appellee.

Before BUTTS, CANTU and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order of the County Court, refusing to grant appellant-surety's bill of review wherein he sought relief from forfeiture of a bond because the sheriff's office misstated the defendant's name as "Guillermo" instead of "Geronimo" in the bond instruments. *See* TEX. CODE CRIM.PROC.ANN. art. 22.14 (Vernon 1966). Also encompassed in the bill of review was a request for remittitur of money paid on forfeiture of the bond by the surety. The final judgment reflects an amendment of the defendant's name. The court, however, denied remittitur. Only the denial of remittitur is questioned on this appeal.

■ The surety claims he is entitled to remittitur of at least 95 percent of the sum of $1,600.00, the amount he paid as the result of forfeiture. The claim is founded on TEX.REV.CIV.STAT.ANN. art. 2372p–3 § 13(b) (Vernon Supp.1984). The State argues the trial court no longer had jurisdiction of the bond forfeiture and the statute, *supra*, cannot be applied retroactively. The trial court expressly based its decision on the two bars to relief.

The relevant dates are:

April 10, 1979: Principal Cardenas failed to appear in court.

October 27, 1980: Judgment Nisi entered.

March 12, 1981: Hearing to enter final judgment of forfeiture.

March 23, 1981: Final judgment.

August 31, 1981: Section 13(b) of art. 2372p–3, *supra*, became effective.

December 22, 1981: Principal rearrested.

February 18, 1982: Surety filed "Motion for bill of review or in the alternative, entry of judgment nunc pro tunc."

In the motion for bill of review there appears a paragraph requesting remittitur of at least 95 percent pursuant to section 13(b). Only the attorney for the surety verified the motion; there was no affidavit of the surety. No complaint as to form was made at trial, and it is first raised on appeal. While we do not approve the form employed, we deem that complaint has been waived.

Section 13(b) provides:

After a forfeiture, if the defendant is incarcerated within two years of a judgment nisi, the bondsman shall be entitled to a remittitur of at least 95 percent if he presents a sworn affidavit stating that the defendant was returned to custody, in part, as a result of money spent or information furnished by the bondsman. The remittitur shall be credited against an unpaid judgment of forfeiture or if the judgment has been paid, the treasurer shall refund at least 95 percent.

■ Section 12(a), the law governing this situation before the amendment, provided:

In each instance where a principal has been rearrested and returned to the county wherein his bond was made within 120 days after the date of the final judgment on the bond forfeiture and no appeal has been taken and provided that the principal was rearrested as a result of money spent or information furnished by the surety, the surety thereon may file a motion of remittance in the court commanding the appearance of the principal and the court shall order at least 50 percent of the amount paid on the judgment remitted. The payment shall be made by the county treasurer.

Acts 1973, 63rd Leg., p. 1525, Ch. 550. When there is a final judgment following judgment nisi in a bond forfeiture case, TEX.REV.CIV.STAT.ANN. art. 2372p–3 § 13(b) [before that, § 12(a)] is the only provision which may be relied upon to reduce a surety's liability. *Williams v. State*, 670 S.W.2d 717, 722 (Tex.App.—San

Antonio 1984, pet. granted). The principal must be incarcerated within two years of the judgment nisi and the other statutory requirements must be met. *Id.*

The trial court in the present case ruled that section 13(b), which gives the bondsman the right to move for remittitur within two years after judgment nisi, does not apply in this case because its provisions are not retroactive. Texas Constitution, art. I, § 16 provides that no bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made. In prohibiting retroactive laws, the Texas Constitution seeks to safeguard rights not guaranteed by other constitutional provisions such as the impairment of the obligation of contracts. *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249, 252–253 (1887). A statute is retroactive, in the constitutional sense, which takes away or impairs vested rights acquired under existing laws, or creates new obligations, imposes new duties, or adopts a new disability in respect to transactions or consideration already past. It is one which affects acts or rights accruing before it came into force. *Turbeville v. Gowdy,* 272 S.W. 559, 561 (Tex.Civ.App.—Fort Worth 1925, no writ). Unless vested rights are destroyed or impaired, the law is not invalid even though retroactive in operation. *Paschal v. Perez,* 7 Tex. 348 (1851). *Commercial Insurance Co. of Newark, N.J. v. Lane,* 480 S.W.2d 781, 783 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

It is obvious that the guaranty of the Constitution is directed against the impairment of the obligation of contracts rather than the contract itself, that is, what the party to a contract is required by duty and by law to perform. Any law which releases a part of this obligation, any act which to any extent or degree amounts to a material change or modifies it, must impair it. *See, e.g. Norton v. Kleberg County,* 149 Tex. 261, 231 S.W.2d 716, 718 (1950); *Kelly v. Republic Building & Loan Association,* 34 S.W.2d 924, 928 (Tex.Civ.App.—Dallas 1930, no writ). The obligation includes the relevant law in force at the time the contract is made. *Langever v. Miller,* 124 Tex. 80, 76 S.W.2d 1025, 1027 (1934).

Constitutional prohibition against retroactive laws applies only to those laws destroying or impairing vested rights. *McGinley v. McGinley,* 295 S.W.2d 913, 916 (Tex.Civ.App.—Galveston 1956, no writ). The vested rights must have been acquired under existing laws, which in the present case were those rights acquired by the State under the laws at the time it entered into the contract with the surety, and which still existed at the time of the final judgment of forfeiture. The applicable remittitur law was section 12(a) of article 2372p–3 before it was superseded by section 13(b). We hold the vested rights of the State in its contract with the surety in this case would be impaired if section 13(b) were applied retroactively, and we decline to apply the provisions retroactively. The trial court correctly ruled the statute cannot be applied retroactively.

Since the surety's only vehicle for possible remittitur in this case was section 12(a), *supra,* it would have been necessary that he meet the requirements of that law. The principal in this case was not rearrested within 120 days of final judgment, thereby precluding a timely motion for remittitur as authorized by section 12(a). The legislature has alleviated the harshness of that rule by enacting section 13(b), *supra,* extending the time for motion for remittitur to two years after judgment nisi.

Because we have ruled the present law, section 13(b), cannot be applied retroactively, there is no need for this court to address the further contentions of the State in overruling the surety's sole ground of error: that the trial court erred in refusing to refund at least 95 percent of the sum paid by the surety for bond forfeiture.

The judgment is affirmed.