Sandra KEITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 186–89.

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1990.

Rehearing Overruled Feb. 6, 1991.

G.P. (Pat) Monks, Houston, for appellant.

Tim Curry, Dist. Atty. and Dana M. Womack, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant signed as surety on a bail bond for a defendant charged with a felony. After the principal failed to appear, the bond was forfeited and judgment entered against appellant. On appeal, appellant contended that Tex.Code Crim.Proc.Ann. art. 22.16 required a waiting period of 18 months before a final judgment could be

entered, thus the judgment was premature. The Court of Appeals affirmed. *Keith v. State,* 760 S.W.2d 746 (Tex.App—Ft. Worth, 1988). We granted appellant's petition to decide whether a bail bond is a contract which gives the State vested rights that are immune from legislative control and whether the State may argue that the retroactive law clause of Article I, Section 16 of the Texas Constitution prevents the 1987 amendment to Tex.Code Crim.Proc.Ann. art. 22.16 from being applied against the State.

Prior to the 1987 amendment, Art. 22.16 provided:

> If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

Effective June 20, 1987, Art. 22.16 was amended to include, among other things, that:

> (c) A final judgment may be entered against a bond not earlier than: ...
>
> (2) 18 months after the date the forfeiture was entered, if the offense for which the bond was given is a felony.

The earlier version of Art. 22.16 was in effect when the bail contract was entered into and when the bond was forfeited. The trial court entered its judgment after the effective date of the amendment.

The Court of Appeals held that the State had secured vested rights in entering into the bail contract and that the amendment was substantive, not procedural.[1] See *Cardenas v. State,* 683 S.W.2d 128 (Tex. App.—San Antonio 1984, no writ) (law which would impair vested rights cannot be applied retroactively). The Court of Ap-

---

1. We express no opinion on the Court of Appeals' holding that the State had secured vested rights in entering into the bail contract and that the amendment was substantive, not procedural.

peals therefore refused to apply the eighteen month waiting period to this cause.

Recently, we held that Art. 22.16(c)(2) violates the separation of powers provision in Art. II, § 1 of the Texas Constitution. *Armadillo Bail Bonds v. State*, 802 S.W. 237 (Tex.Cr.App.1990). Because we declared the contested portion of the statute unconstitutional, the question of whether it was to be applied prospectively or retroactively is now moot.

Accordingly, the judgments of the Court of Appeals and the trial court are affirmed.

TEAGUE, J., dissents to this opinion.