

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

August 11, 1994

Honorable Edwin E. Powell, Jr.
Coryell County Attorney
P.O. Box 796
Gatesville, Texas 76528

Opinion No. DM-299

Re: Whether section 4A(q) of the Development Act of 1979, V.T.C.S. art. 5190.6, would violate article I, section 16 of the Texas Constitution if applied retroactively   (RQ-670)

Dear Mr. Powell:

On behalf of the Copperas Cove Economic Development Corporation (the "development corporation"), you ask about the effect of section 4A(q) of the Development Act of 1979 (the "act"), V.T.C.S. art. 5190.6 (as amended by Acts 1993, 73d Leg., ch. 1022, § 2), which provides as follows:

> A corporation under this section may not assume a debt or make any expenditure to pay principal or interest on a debt if the debt existed before the date the city created the corporation.

A letter submitted with your request from the development corporation's attorney states that the development corporation is subject to section 4A. The attorney also provides the following background information:

> On May 16, 1989, the City of Copperas Cove deeded four tracts to the Copperas Cove Industrial Foundation. In the Participation Agreement which was executed simultaneously, the City of Copperas Cove became the payor of last resort for a $505,870.36 note secured by a Deed of Trust on the property. On December 3, 1991, the Copperas Cove Economic Development Corporation (EDC) was assigned the City of Copperas Cove's interest in the Participation Agreement, and the EDC assumed its financial obligation.[1] [Footnote added.]

The development corporation's attorney contends that if section 4A(q) is construed to prohibit the development corporation from making payments on the note, it would run

---

[1]We infer from the letter that the development corporation was created after May 16, 1989. We do not examine the validity of the underlying transactions you describe. *See* Tex. Const. art. III, §§ 52, 52a.

afoul of article I, section 16 of the Texas Constitution which provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." The United States Constitution contains a similar prohibition against the impairment of contractual obligations by the states. U.S. Const. art. I, § 10, cl. 1. This constitutional prohibition against laws which retroactively impair contracts applies to contracts made by governmental entities. *See Determan v. City of Irving*, 609 S.W.2d 565, 569 (Tex. Civ. App.--Dallas 1980, no writ); Attorney General Opinion DM-31 (1991). In *Cardenas v. State*, 683 S.W.2d 128, 131 (Tex. App.--San Antonio 1984, no writ), the court explained that "the guaranty of the Constitution is directed against the impairment of the obligation of contracts rather than the contract itself, that is, what the party to a contract is required by duty and by law to perform. Any law which releases a part of this obligation, . . . must impair it. . . . The obligation includes the relevant law in force at the time the contract is made." *Cardenas*, 683 S.W.2d at 131 (citations omitted). Because the statute at issue in that case would have impaired the obligation of a contract if applied retroactively, the court declined to apply its provisions retroactively. *Id.*

We agree that if section 4A(q) is construed to prohibit the development corporation from making payments on the note, it would run afoul of article I, section 16 of the Texas Constitution because it would retroactively impair the development corporation's obligation to make payments on the note which it undertook in 1991, almost two years prior to the enactment of that 1993 amendment to the act. We believe that in such a case a court would construe section 4A(q) only to apply to debts assumed by a development corporation after its enactment date.

We further note that nothing in the legislative history suggests that the legislature intended section 4A(q) to invalidate existing contracts. The amendment that became section 4A(q) was offered by Representative Holzheauser during a House Committee on Economic Development hearing. In offering the amendment, Representative Holzheauser explained:

> It addresses a problem that I brought up the other night about communities being coerced into or feeling that they would have to . . . or could get some benefit from taking on a project that may have failed in the community. Well this just says you can't do that. You can't take on that debt that's already there. It's got to be a [new project].

Hearings on H.B. 2297 Before the House Comm. on Economic Development, 73d Leg. (March 17, 1993) (tape available through House Video/Audio Services Office). We believe it is clear from this testimony that section 4A(q) is intended to prohibit development corporations from assuming existing debts in the future, not to impair any existing obligations.

## S U M M A R Y

Section 4A(q) of the Development Act of 1979, V.T.C.S. art. 5190.6, would violate article I, section 16 of the Texas Constitution if applied retroactively. A court would construe section 4A(q) only to apply to debts assumed by a development corporation after its enactment date.

Yours very truly,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General