Tex. Ins. Facility 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-94-122-CV




TEXAS WORKERS' COMPENSATION INSURANCE FACILITY,



 
 APPELLANT,


vs.




STATE BOARD OF INSURANCE, AETNA CASUALTY & SURETY COMPANY,


HARTFORD ACCIDENT & INDEMNITY COMPANY, HOUSTON GENERAL


INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, 


UNITED STATES FIRE INSURANCE COMPANY, CIGNA INSURANCE 


COMPANY OF TEXAS, EMPLOYERS INSURANCE OF WAUSAU, 


LUMBERMENS MUTUAL CASUALTY COMPANY, AND TRAVELERS 


INDEMNITY COMPANY OF RHODE ISLAND,



 APPELLEES,



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 93-06293, HONORABLE PETER M. LOWRY, JUDGE PRESIDING


 




 In March 1993, the State Board of Insurance (the "Board") ordered the Texas
Workers' Compensation Facility (the "Facility") to indemnify Aetna Casualty & Surety Company,
The Hartford Accident & Indemnity Company, Houston General Insurance Company, Liberty
Mutual Fire Insurance Company, United States Fire Insurance Company, and Lumbermens
Mutual Casualty Company (collectively the "Original Servicing Companies") for legal expenses
incurred in defending certain litigation brought by Standard Financial Indemnity Company
("SFIC"). The Facility appealed the Board's orders to the district court, relying on Article 5.76-2, section 2.05(i) of the Texas Insurance Code, which states that the Facility "may not indemnify
the servicing companies." Tex. Ins. Code Ann. art. 5.76-2, § 2.05(i) (West Supp. 1995). The
Original Servicing Companies along with Cigna Insurance Company of Texas, Travelers
Indemnity Company of Rhode Island, and Employers Insurance of Wausau (collectively the
"Servicing Companies") intervened in the proceeding. The district court affirmed the Board's
orders in all respects and ordered the Facility to indemnify the Servicing Companies for expenses
incurred in the defense of the SFIC litigation. We will affirm the trial-court judgment. 



BACKGROUND


 The legislature created the Texas Workers' Compensation Assigned Risk Pool (the
"Pool") to provide an unincorporated association of insurers authorized to issue insurance policies
to high-risk insureds under the Texas Workers' Compensation Act and other workers'
compensation statutes. Act of May 14, 1953, 53d Leg., R.S., ch. 279, 1953 Tex. Gen. Laws
716, repealed by Act of Dec. 11, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(21), (22), 1989 Tex.
Gen. Laws 1, 114. In the 1970s and 1980s, the Servicing Companies entered into servicing
company contracts with the Pool, the predecessor of the Facility, promising to issue policies to
employers who could not obtain workers' compensation insurance in the voluntary market. In
consideration for this promise, the Pool promised to pay each carrier a fee and to "indemnify
Carrier as set out in the Pool's By-Laws and Rules and Regulations." Article VI, paragraph 3 of
the Pool's bylaws provided:



Any person or insurer made or threatened to be made a party to any action, suit
or proceeding, because such person or insurer was a Member, or a Servicing
Company, or served on the Governing Committee . . . shall be indemnified against
all judgments, fines, amounts paid in settlement, reasonable costs and expenses
including attorney's fees and any other liabilities that may be incurred as a result
of such action, suit or proceeding, or threatened action, suit or proceeding . . . .



(Emphasis added.)

 In 1989, the Governing Committee of the Pool denied the application of SFIC to
become a servicing carrier. As a result, SFIC sued all servicing carriers, including the Servicing
Companies. On May 8, 1989, several months after suit was filed, the Pool's Governing
Committee, in accordance with Article VI, paragraph 3 of the Pool's bylaws, authorized and
approved the reimbursement of reasonable defense costs associated with the SFIC litigation. 

 In December 1989, the legislature passed Article 5.76-2 of the Insurance Code,
which succeeded predecessor Article 5.76 and replaced the Pool with the Facility. See Act of
Dec. 11, 1989, 71st Leg., 2d C.S., ch. 1, §§ 17.01-.19, 1989 Tex. Gen. Laws 1, 115-22. 
Pursuant to the 1989 Act, the Facility assumed all of the obligations and liabilities of the former
Pool, and the servicing companies of the Pool continued as servicing companies of the Facility. 
Id. § 17.09.

 For almost three years, the Pool and then the Facility indemnified the Servicing
Companies for the reasonable attorney's fees they incurred in defending claims made by SFIC. 
On November 6, 1990, the trial court rendered a final judgment against SFIC on its claim and in
favor of the servicing carriers. (1) In 1992, the Servicing Companies submitted bills for indemnity
for fees and expenses incurred in 1991 and 1992 for the SFIC defense costs. The general counsel
for the Facility, however, did not pay the bills. Instead, the Facility notified the Servicing
Companies that it could no longer indemnify the companies for those defense costs, asserting as
a defense to payment the recent enactment of Article 5.76-2, section 2.05(i) of the Texas
Insurance Code. This provision, which became effective January 1, 1992, reads: "The facility
may not indemnify the servicing companies." Tex. Ins. Code Ann. art. 5.76-2, § 2.05(i) (West
Supp. 1995). 

 The Original Servicing Companies timely filed their appeals from the Facility's
decision with the Board. On March 12, 1993, the Board rendered final orders, finding that the
servicing carriers' right to indemnification arose when they entered into the servicing company
contracts. The Board thus determined that the Facility's application of section 2.05(i) to the
previously vested right to indemnification amounted to a retroactive application of the statute and
ordered the Facility to indemnify the Original Servicing Companies. The Facility filed a timely
motion for rehearing on March 24, 1993, which was overruled by operation of law on April 30,
1993. Pursuant to section 2001.176 of the Administrative Procedure Act, the Facility sought
judicial review in the district court. See Tex. Gov't Code Ann. § 2001.176 (West 1995). The
Servicing Companies intervened in the proceeding. The district court reviewed the administrative
record and found that the findings of fact contained in the Board's orders were supported by
substantial evidence; the court further determined that the Board's conclusions of law were sound. 
The district court therefore affirmed the Board's orders in all respects, ordering the Facility to
indemnify the Servicing Companies for legal expenses incurred in the defense of the SFIC
litigation.



DISCUSSION


 This Court reviews the Board's order under a substantial evidence review. Act of
May 30, 1993, 73d Leg., R.S., ch. 685, § 1.03, art. 1.04, 1993 Tex. Gen. Laws 2559, 2562; 
Tex. Ins. Code Ann. art. 5.76-2, § 2.09(d) (West Supp. 1995); Tex. Gov't Code Ann. § 2001.174
(West 1995). For purposes of substantial evidence review, an administrative determination of a
question of law, unlike a determination of disputed fact, is not entitled to a presumption of
validity. Teacher Retirement Sys. v. Cottrell, 583 S.W.2d 928, 930 (Tex. Civ. App.--Austin 1979,
writ ref'd n.r.e.); see also English v. Central Educ. Agency, 866 S.W.2d 73, 77 (Tex.
App.--Austin 1993, writ requested). If substantial rights of the appellant have been prejudiced by
an agency's error of law, we will reverse the trial court's judgment and remand the cause to the
agency for further proceedings. Tex. Gov't Code Ann. § 2001.174(2)(D) (West 1995); Cantu v.
Central Educ. Agency, No. 3-93-663-CV, slip op. at 2 n.2 (Tex. App.--Austin Sept. 28, 1994, no
writ).

 Questions of statutory interpretation are questions of law that are not entitled to a
presumption of validity. See Hightower v. State Comm'r of Educ., 778 S.W.2d 595, 597 (Tex.
App.--Austin 1989, no writ); Cottrell, 583 S.W.2d at 930. Therefore, neither a district court nor
an appellate court is bound by an administrative agency's construction of a statute. Sonic Drive-In
v. Hernandez, 797 S.W.2d 254, 257 (Tex. App.--Corpus Christi 1990, writ denied). However,
"[c]onstruction of a statute by the administrative agency charged with its enforcement is entitled
to serious consideration, so long as the construction is reasonable and does not contradict the plain
language of the statute." Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994) (quoting Tarrant Appraisal
Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993)); see also Southwestern Bell v. Public Util.
Comm'n, 863 S.W.2d 754, 757 (Tex. App.--Austin 1993, writ denied). 

 Furthermore, Texas courts have long held that the interpretation of an unambiguous
contract is a question of law. Myers v. Gulf Coast Minerals Management Corp., 361 S.W.2d 193,
196 (Tex. 1962). Therefore, an agency's interpretation of an unambiguous contract is not binding
on a district or appellate court. Whether a contract is ambiguous is a question of law for the court
to decide. R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518 (Tex. 1980). 
If a contract is so worded that it can be given a certain and definite meaning or interpretation, it
is not ambiguous. Alba Tool & Supply Co. v. Industrial Contractors, Inc., 585 S.W.2d 662, 664
(Tex. 1979); Universal C.I.T. Credit Corp. v. Daniel, 243 S.W.2d 154, 157 (Tex. 1951). This
appeal involves the construction of a statute--Article 5.76-2, section 2.05(i)--and an unambiguous
contract, the servicing company agreement between the Facility and each of the Servicing
Companies. (2) 

 The Facility raises two points of error on appeal. In its first point of error, the
Facility contends that the district court erred when it held that application of Article 5.76-2,
section 2.05(i) to terminate indemnification in the SFIC litigation constituted an improper
retroactive application because the Servicing Companies do not have a vested contractual right to
indemnification. In its second point of error, the Facility argues that Article 5.76-2, section
2.05(i) repeals a right arising out of a statute; accordingly, section 2.05(i) is effective
immediately. Two questions are thus presented on appeal: (1) whether the Servicing Companies
have a vested right to indemnification under the servicing company agreement; and (2) whether
the legislature intended section 2.05(i) of Article 5.76-2 to apply retroactively to affect any such
right. Construction of the statute and interpretation of the contract involve questions of law; 
therefore, this Court need not defer to the Board's interpretation but will give serious
consideration to the Board's construction of section 2.05(i). 



A. The Servicing Companies' Rights under the Servicing Company Agreements: Vested
Contractual Rights or Mere Expectation 


 The Facility concedes that if the Servicing Companies had presented their claims
for indemnification before January 1, 1992--the effective date of section 2.05(i)--for work done
before that date, the Facility would have been obligated to pay the claims. However, the Facility
contends that the Servicing Companies were not entitled to payment for work performed after
January 1, 1992. The Facility bases its contention upon the theory that the right to
indemnification was not a vested contractual right and therefore section 2.05(i) terminated the
Servicing Companies' right to indemnification after January 1, 1992. The crux of the Facility's
argument is that the Servicing Companies' right to indemnification did not vest until they actually
presented claims for payment to the Facility. Before presentment, the Servicing Companies had
a mere expectation of indemnification pursuant to their service company agreements and the
Facility bylaws, and after the effective date of section 2.05(i), the Servicing Companies no longer
had even an expectation of indemnification. Thus, we must determine if and when the Servicing
Companies' right to indemnification vested. 

 "[T]o be vested, a right must be more than a mere expectation based on an
anticipation of the continuance of an existing law; it must have become a title, legal or equitable,
to the present or future enforcement of a demand . . . ." Aetna Ins. Co. v. Richardelle, 528
S.W.2d 280, 284 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.). The servicing
company agreement unambiguously provides that the Pool, and thus the Facility by virtue of the
fact that it succeeded to all of the Pool's obligations by law, "shall indemnify" each of the
Servicing Companies as set out in the bylaws, which at the time the contracts were entered into
provided for indemnification of the Servicing Companies for reasonable costs and expenses
incurred "because such person or insurer was a . . . Servicing Company" of the Facility. This
agreement granted the Servicing Companies a bargained-for contractual right to indemnification
for expenses incurred in defending a lawsuit, including attorney's fees. The right to
indemnification granted in the servicing company agreements represented part of the consideration
the Pool offered in return for the Servicing Companies' promises to provide insurance coverage
to high-risk insureds. Accordingly, this right was a legal right to the future enforcement of a
demand for indemnification that vested at the time the Pool and the Servicing Companies entered
into the servicing company agreements.

 The Facility contends that section 2.05(i) can be applied retroactively to the
Servicing Companies' right to indemnification because this right is not a vested contractual right. 
According to the Facility, the phrase "as set out in the bylaws" included in the servicing company
agreements gives the Facility the right to amend its bylaws at any time and thus change or
eliminate the right to indemnification granted in the contract. The Facility cites the rule set out
in National Carloading Corp. v. Phoenix-El Paso Express, Inc., 176 S.W.2d 564 (Tex. 1943),
in support of this contention: "It is generally conceded that a right of action given by a statute may
be taken away at any time, even after it has accrued and proceedings have been commenced to
enforce it." Id. at 569; see also Houston Indep. Sch. Dist. v. Houston Chronicle, 798 S.W.2d
580, 589 (Tex. App.--Houston [1st Dist.] 1990, writ denied) ("When the authority granting the
right has the power and discretion to take that right away, it cannot be said to be a vested right."). 
The Facility, as the authority that granted the right to indemnification in its bylaws, argues that
because it has the discretion to amend the bylaws to eliminate the right to indemnification, the
right to indemnification did not vest at the time the agreements were signed. According to the
Facility, the rule set out in National Carloading applies to the present case because the bylaws
should be given the force and effect of a statute. (3) However, even if we assume that the bylaws
have the force of a statute, this assumption does not change our conclusion that the right to
indemnification vested when the servicing company agreements were signed. 

 The servicing company agreements gave the Servicing Companies a contractual
right that incorporated the relevant law existing at that time; the Servicing Companies were not
given a cause of action conferred by statute. The original terms of a contract incorporate the
relevant law at the time the contract is made. Estate of Griffin v. Sumner, 604 S.W.2d 221, 230
(Tex. Civ. App.--San Antonio 1980, writ ref'd n.r.e.). A contractual right acquired pursuant to
the laws existing at the time the contract was entered into cannot be taken away by a subsequent
statute, or in this case, an amendment to the bylaws. See id. ("A substantive right conferred by
the existing law . . . may not be defeated by a subsequent amendment of the law."). Therefore,
a contractual obligation, which includes the relevant law in force at the time the contract is made,
cannot be impaired by a subsequent change in the law that applies retroactively. Cardenas v.
State, 683 S.W.2d 128, 131 (Tex. App.--San Antonio 1984, no writ). At the time the servicing
company agreements were signed, the law did not prohibit indemnification of the servicing
carriers, and the Facility bylaws provided for such indemnification. Thus, the Servicing
Companies were given a vested right to indemnification when the servicing company agreements
were signed.

 To hold that the right to indemnification did not vest until a servicing carrier was
sued or until an even later date --i.e., when the company presented a bill to the Facility for
indemnification--would allow the Facility to unilaterally modify a material term of the contract. 
Under the Facility's reading of the contract, one of the contracting parties--the Facility--could
unilaterally modify the indemnification provision if, for instance, indemnification turned out to
cost the Facility too much money. This is impermissible. Any statute that "releases a part of the
obligation to perform the contractual obligation, or that to any extent amounts to a material
change, or modifies it," unconstitutionally impairs the contract. Texas Workers' Compensation
Comm'n v. Garcia, 862 S.W.2d 61, 100-01 (Tex. App.--San Antonio 1993, writ granted) (citing
Cardenas, 683 S.W.2d at 131). Furthermore, such a reading of the contract is contrary to a basic
tenet of contract law: one party cannot unilaterally modify the terms of the original contract. See
Madril v. Kasishke, 620 S.W.2d 238, 244 (Tex. Civ. App.--Amarillo 1981, writ ref'd n.r.e.)
(citing Kitten v. Vaughn, 397 S.W.2d 530, 533 (Tex. Civ. App.--Austin 1965, no writ)); Farmer
v. Thompson, 289 S.W.2d 351, 355 (Tex. Civ. App.--Fort Worth 1956, writ ref'd n.r.e.). The
Facility is bound by the deal it made, even if it turns out to be a bad deal. The Facility
offers further support for its contention that the statute in the present case can be applied
retroactively: "[C]hanges in statutes affecting remedies or procedures may be applied
retroactively." Holder v. Wood, 714 S.W.2d 318, 319 (Tex. 1986). Attorney's fees statutes are
remedial in nature and apply to all pending and future actions regardless of the time of the
institution or of the accrual of any action asserted. See City of Dallas v. Arnett, 762 S.W.2d 942,
952 (Tex. App.--Dallas 1988, writ denied); Bethel v. Butler Drilling Co., 635 S.W.2d 834, 840
(Tex. App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.). According to the Facility, under the
above rule, Article 5.76-2, section 2.05(i) may properly be applied retroactively because the right
to indemnification for attorney's fees is remedial in nature. We disagree. Arnett and Bethel
involved a right to attorney's fees conferred by statute. By contrast, the present case concerns a
bargained-for right--the contractual right to indemnification for expenses of defending a lawsuit,
which happens to include attorney's fees.



B.  Retroactive Application of Section 2.05(i)

 "A statute which takes away or impairs vested rights acquired under existing laws,
or creates new obligations, imposes new duties, or adopts new disabilities in respect to
transactions or considerations already past, cannot be upheld." Richardelle, 528 S.W.2d at 284;
see also Ex Parte Abell, 613 S.W.2d 255, 260 (Tex. 1981) (holding that a statute may never be
applied retroactively if such application would impair vested substantive rights). To deprive the
Servicing Companies of the right to indemnification would impair their vested rights and impose
a new duty or disability on the Servicing Companies--the duty or obligation to defend a lawsuit at
their own expense, an obligation that was not anticipated at the time the agreements were entered. 
Therefore, retroactive application of section 2.05(i) to the servicing company agreements would
violate the federal and state constitutions' prohibition against the impairment of contracts. U.S.
Const. art. 1, § 10, cl. 1; Tex. Const. art. I, § 16; Sharber v. Florence, 115 S.W.2d 604, 606
(Tex. 1938).

 "Texas law militates strongly against the retroactive application of laws." Davis
v. State, 846 S.W.2d 564, 569 (Tex. App.--Austin 1993, no writ). Therefore, all doubts as to
retroactivity are "resolved against retrospective operation of a statute." Ex Parte Abell, 613
S.W.2d at 258. "An act will not be applied retroactively unless it appears by fair implication
from the language used that it was the intent of the Legislature to make it applicable to both past
and future transactions." Id. The entire act must be examined in determining the legislative
intent. Id. 

 No language in section 2.05(i) or in any other provision of Article 5.67-2 suggests
that the legislature intended section 2.05(i) to apply retroactively. When the legislature intends
for prohibitions on indemnity to apply retroactively, it makes its intention clear. For example,
when the legislature amended Chapter 127 of the Civil Practice and Remedies Code to restrict
indemnification provisions in certain agreements, the amendments specifically provided: "This
Act applies to an indemnity obligation without regard to whether the obligation was entered into
before, on, or after the effective date of this Act." Act of May 28, 1989, 71st Leg., R.S., ch.
1102, § 4, 1989 Tex. Gen. Laws 4557, 4559. 

 In contrast, no such language exists in Article 5.76-2. It is a rule of statutory
construction that every word used is presumed to have been used for a purpose, and every word
excluded must have been presumptively excluded for a purpose. Cameron v. Terrell Garrett,
Inc., 618 S.W.2d 535, 540 (Tex. 1981). Therefore, we construe section 2.05(i) as applying only
to indemnity obligations entered into after the effective date of the provision. The Facility can
no longer enter into a contract in which it agrees to indemnify a servicing carrier. However, the
indemnity obligation in the present case arose before the effective date of section 2.05(i);
accordingly, the provision does not apply to the agreement. The Facility is obligated to fulfill its
contractual obligation to indemnify the Servicing Companies for the expenses incurred in the
defense of the SFIC litigation. 

 We overrule both of the Facility's points of error and affirm the trial-court
judgment.



 


 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Jones and Kidd


Affirmed


Filed: January 18, 1995


Publish

1.   This case was the subject of an appeal to this Court. Texas Comm'r of Ins. v. Aetna
Casualty & Surety Co., 858 S.W.2d 521 (Tex. App.--Austin 1993, writ granted w.r.m.).
2.   The parties do not contend that the servicing company agreement is ambiguous. Instead,
they disagree about the legal rights accruing under the terms of the contract, a question of law
for this Court to decide.
3.   The parties disagree about whether the bylaws create contractual rights or statutory
rights. The Facility contends that the bylaws should be construed as a statute for this purpose
because the bylaws were subject to approval by the Board and meant nothing until the Board
approved them. Consequently, the Facility argues that the bylaws are effectively rules
promulgated by an administrative agency. Because a rule or order promulgated by an
administrative agency acting within its delegated authority should be considered under the
same principles as if it were a statute, see Texas Liquor Control Bd. v. Attic Club, Inc., 457
S.W.2d 41, 45 (Tex. 1970), the bylaws should therefore be construed as a statute. The
Servicing Companies respond that the Pool's bylaws are not statutes and do not have the effect
of statutes because the Pool was not an administrative agency and its bylaws are not rules
promulgated by an administrative agency with the force of statutory law. The Servicing
Companies contend instead that the bylaws created contractual rights and obligations, citing
Texas Mutual Life Insurance Association v. Tolbert, 136 S.W.2d 584, 589 (Tex. 1940), and
Plainview Independent School District v. Edmonson Wheat Growers, Inc., 681 S.W.2d 299,
300 (Tex. App.--Amarillo 1984, writ ref'd n.r.e.).