OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 29, 1999

The Honorable Sherry L. Robinson
Waller County Criminal District Attorney
836 Austin Street, Suite 105
Hempstead, Texas 77445

Opinion No. JC-0121

Re: Whether a county judge or his parent may act as a surety on a bail bond in the county where he presides and related questions (RQ-0062-JC)

Dear Ms. Robinson:

You ask whether a county judge or his parent may act as a surety on a bail bond in the county where the county judge presides. Section 81.002 of the Local Government Code, the county judge and commissioners oath of office provision, prohibits a county judge from having an interest in a contract with the county. Chapter 171 of the Local Government Code, which regulates conflicts of interest and provides exceptions to the section 81.002 prohibition, does not apply to the taking and approval of bail bonds and therefore does not provide an exception to section 81.002 in this regard. Because a bail bond is a contract to which the county is a party and in which a surety has an interest, a county judge may not act as a surety on a bail bond in the county. The determination whether a county judge has an interest in a bail bond signed by a surety who is a relative will depend upon the facts and is therefore beyond the scope of the opinion process.

We gather you are concerned about a county judge who was a bondsman in the county and operated a bail bond business with his mother prior to assuming office. *See* Letter from Honorable Sherry L. Robinson, Waller County Criminal District Attorney, to Honorable John Cornyn, Attorney General, at 4 (Apr. 28, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. After assuming office, he transferred the bail bond business to his mother. *Id.* His mother continues to execute bail bonds in the county. *Id.* It is not clear from the information you have provided whether the county judge has continued to execute bail bonds in the county or whether he maintains an interest in the bail bond business. We assume that the county judge and his mother have acted as individual sureties rather than as agents for a corporate surety.

First, you ask whether a county judge may "ethically and/or legally continue to act as a bondsman in the county where he presides as the County Judge." *Id.* at 1. To answer your question, we examine two provisions of the Local Government Code, section 81.002, the county judge and commissioners oath of office provision, and chapter 171. Section 81.002 provides in pertinent part:

> (a) Before undertaking the duties of the county judge or a county commissioner, a person must take the official oath and swear in

writing that the person will not be interested, directly or indirectly, in a contract with or claim against the county except:

> (1) a contract or claim expressly authorized by law; or

> (2) a warrant issued to the judge or commissioner as a fee of office.

. . . .

TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon 1999). Section 81.002 states a strict rule against conflicts of interest. It has been partially repealed by chapter 171, *see infra*, but prior to the partial repeal, it barred county commissioners from having any interest, no matter how small, in a contract with the county. *See* Tex. Att'y Gen. Op. No. H-624 (1975) (county barred from contracting with a farmers' cooperative in which one commissioner owned a share).

Chapter 171 now permits a county judge or commissioner to have an interest in a contract with the county if the contract falls within the ambit of that chapter. As this office has explained, "Chapter 171 creates an exception in the oath required by section 81.002 to the extent that it permits a county judge or county commissioner to have a direct or indirect interest in a contract with or claim against the county." Tex. Att'y Gen. Op. No. DM-279 (1993) at 4. But chapter 171 does not repeal the oath of office provision with respect to contracts to which it does not apply. This office recently concluded, for example, that because chapter 171 did not reach employment contracts between members of a governing body and the political subdivision they govern, the oath of office provision applied to, and prohibited, an employment contract between a county commissioner and the county. *See* Tex. Att'y Gen. Op. No. JC-0061 (1999). And, this office has concluded that chapter 171 does not apply to a contract between a county commissioner and a tax assessor-collector for payment of delinquent taxes, including county taxes, because the "contract . . . is not subject to a vote by the commissioners court." Tex. Att'y Gen. LO-96-135, at 2. The oath of office provision applied, however, because it is not limited to contracts with the county entered into by the commissioners court. *See id.* at 2-3.

Chapter 171 does not apply to and therefore does not create an exception to the oath of office with respect to bail bonds because a commissioners court plays no role in the taking and approval of bail bonds. In this state, the taking and approval of a bail bond is governed by either chapter 1704 of the Occupations Code, formerly article 2372p-3 of the Revised Civil Statutes,[1] or chapter 17 of the Code of Criminal Procedure. In a county governed by chapter 1704, the bail bond board licenses and regulates bondsmen, and the sheriff must generally accept the bail bond of a licensed bondsman. *See* TEX. OCC. CODE ANN. § 1704.201. The taking and approval of bail bonds in Waller County,

---

[1]The Texas Occupations Code enacted by the 76th Legislature is the codification of a variety of licensing statutes, including former article 2372p-3. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs. 1704.001-.306, 1999 Tex. Sess. Law Serv. 1431, 2279; *id.* § 6(a), 1999 Tex. Sess. Law Serv. at 2439-40 (repealing article 2372p-3 of the Revised Civil Statutes). For ease of citation, this opinion will refer to the provisions of chapter 1704 as they will be codified in the Texas Occupations Code.

which has a population of less than 110,000 and has not exercised the option to establish a bail bond board, is governed by chapter 17 of the Code of Criminal Procedure rather than chapter 1704 of the Occupations Code. *See id.* § 1704.002 (provisions of this chapter apply only to the execution of bail bonds in counties having a population of more than 110,000, or in counties of less than 110,000 where a board has been created); *see also Castaneda v. Gonzalez*, 985 S.W.2d 500, 503 (Tex. App.–Corpus Christi 1998, no pet.) (chapter 17 of the Code of Criminal Procedure controls the taking of bail bonds in county not subject to former article 2372p-3); Tex. Att'y Gen. Op. No. DM-483 (1998) (same). Under chapter 17, a bail bond is taken by a "court, judge, magistrate or other officer" who has authority to test the sufficiency of the security offered. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.11, § 1; 17.13; 17.14 (Vernon 1977).

Whether a county is governed by chapter 1704 of the Occupations Code or chapter 17 of the Code of Criminal Procedure, the commissioners court plays no role in the taking or approval of bail bonds. Because the commissioners court does not approve bail bonds, chapter 171 does not apply. *See* Tex. Att'y Gen. LO-96-135, at 2 (chapter 171 of the Local Government Code does not apply to a "contract [that] . . . is not subject to a vote by the commissioners court"). Without chapter 171 to provide a mechanism for a county judge or commissioner to avoid the conflict of interest, section 81.002 will prohibit a county judge from acting as a surety on a bail bond if a bail bond is a contract in which a surety has an interest and to which the county is a party.

An individual acts as a surety on a bail bond either by signing it personally, *see* TEX. CODE CRIM. PROC. ANN. art. 17.08(4) (Vernon 1977), or, in certain circumstances, authorizing an agent to do so on his or her behalf, *see, e.g., Zidell v. State,* 530 S.W.2d 577 (Tex. Crim. App. 1975) (concluding that bondsman had adopted signature of agent); *Weddel v. State*, 756 S.W.2d 76 (Tex. App.–El Paso 1988, no pet.) (same). A bail bond is a contract in which a person who acts as surety has an interest and to which the county is a party. First, a bail bond "is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation." TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977). Thus, a bail bond is a contract between the surety and the state. *See Morin v. State*, 770 S.W.2d 599, 599 (Tex. App.–Houston [14th Dist.] 1989), *pet. dism'd per curiam*, 800 S.W.2d 552 (Tex. Crim. App. 1990) (en banc); *Keith v. State*, 760 S.W.2d 746, 747 (Tex. App.–Fort Worth 1988), *aff'd*, 802 S.W.2d 690 (Tex. Crim. App. 1990) (en banc). Second, although a bail bond must "be made payable to 'The State of Texas,'" *see* TEX. CODE CRIM. PROC. ANN. art. 17.08(1) (Vernon 1977), the county is party to the contract. Under article 22.02 of the Code of Criminal Procedure, a bail bond is forfeited if the defendant fails to appear and "judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear." *Id.* art. 22.02 (Vernon 1989). Under article 103.004, an officer who collects bail bonds recovered in the name of the state "shall deposit the money in the county treasury." *Id.* art. 103.004(a), *amended by* Act of May 27, 1999, 76th Leg., R.S., H.B. 3173, § 1; *see also* Tex. Att'y Gen. Op. No. O-4894 (1943) at 3 ("In order to compensate the county in which a criminal prosecution is had, provision[] is made by [the predecessor to article 103.004] for the payment to that county of the amount collected from forfeited Bail Bonds; the sums are not required to be paid into the State Treasury for the benefit of the State at large.").

On the basis of the foregoing statutes, Attorney General Opinion JM-927 concluded that when a county commissioner acts as a surety on a bail bond, he enters into a contract making the county the beneficiary if the principal fails to perform, a contract prohibited by section 81.002 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. JM-927 (1988) at 2. The rationale of that 1988 opinion was implicitly affirmed by the Texas Supreme Court's subsequent acknowledgment, in a case involving the same county commissioner, that a bail bond forfeiture judgment is a debt owed to the county rather than a debt owed to the state. *See Orange County v. Ware*, 819 S.W.2d 472 (Tex. 1991) (holding that county was entitled to withhold salary of county commissioner on the basis of bond forfeitures owed to the county). Furthermore, as you point out, a bail bond is conditioned by statute on the agreement that the principal and sureties "will pay all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting the principal in the event he fails to appear before the court or magistrate named in the bond at the time stated therein." TEX. CODE CRIM. PROC. ANN. art. 17.08(6) (Vernon 1977). Thus, by acting as a surety on a bail bond, the surety agrees to pay any expenses the county may incur in rearresting the principal.

In sum, a bail bond is a contract in which the surety has an interest and to which the county is a party. Therefore, a county judge is prohibited by section 81.002 of the Local Government Code from acting as a surety on a bail bond in the county. *Accord* Tex. Att'y Gen. Op. No. JM-927 (1988) (county commissioner's oath of office prohibits him from acting as surety on bail bond in which county and the commissioner have an interest).

You suggest that the county judge believes that he is not subject to the strictures of section 81.002 with respect to bail bonds because he is also an attorney. *See* Request Letter at 5. It appears that he bases this belief on section 82.064(b) of the Government Code, which provides that a county judge may not practice law "except in cases over which the court in which the judge . . . serves has neither original nor appellate jurisdiction," *see* TEX. GOV'T CODE ANN. § 82.064(b) (Vernon 1998), and chapter 1704 of the Occupations Code, which excepts an attorney from its licensing requirements when the attorney acts as a surety for clients he or she actually represents in criminal cases, *see* TEX. OCC. CODE ANN. § 1704.163. But chapter 1704 is inapposite here because it does not apply to the taking or approval of bail bonds in Waller County. And even in a chapter 1704 county, bail bonds executed by attorneys who are exempt from licensing are governed by chapter 17 of the Code of Criminal Procedure. *See* Tex. Att'y Gen. Op. No. DM-483 (1998) at 6 ("the sufficiency of the security offered by an attorney who executes a bail bond for a client is governed by the Code of Criminal Procedure"). The Code of Criminal Procedure makes no distinction between attorneys and other individual sureties. Furthermore, section 82.064(b) of the Government Code, which merely permits county judges to engage in the private practice of law in certain courts, does not create an exception to conflict of interest statutes, such as section 81.002 or chapter 171 of the Local Government Code. In sum, all county judges who are attorneys and act as sureties on bail bonds for clients they represent in criminal cases are prohibited by section 81.002 from doing so in the counties where they preside.

Second, you ask whether a county judge may "ethically and/or legally continue to maintain [an] interest in a bail bond business in the county where he presides . . . (In the instant case, transfer the business to his mother.)" Request Letter at 1. We gather from your brief that you are concerned

that the county judge has transferred the bail bond business that he used to operate to his mother and that she is signing as surety on bail bonds in the county. *See id.* at 4. Your second question raises two issues: (i) whether the county judge may have an interest in a bail bond business in the county and (ii) whether the county judge has an interest in bail bonds signed by his mother. We begin with your second concern.

This office cannot ultimately resolve whether a county judge has an interest in a bail bond signed by his mother. Again, chapter 171 of the Local Government Code does not apply because the commissioners court takes no action with respect to the taking of bail bonds. Section 81.002 of the Local Government Code will apply if the county judge has an interest in the bail bond, which he may have even if he has not signed it. Unlike chapter 171, which provides that a local public official has a substantial interest in any business entity in which a close family member has a substantial interest, *see* TEX. LOC. GOV'T CODE ANN. § 171.002(c) (Vernon 1999), however, the section 81.002 disqualification does not extend to a contract merely because a county judge's or commissioner's close relative has an interest in the contract. *See* Tex. Att'y Gen. Op. No. H-354 (1974) at 3 (opining that the conflict of interest disqualification of the common law and of the statutory predecessor to section 81.002 of the Local Government Code "does not extend beyond the state employee himself. . . . [T]he mere relationship of two brothers is not, in and of itself, sufficient to establish the prohibited interest."). Section 81.002 will apply to a family member's contract only if the county judge or commissioner himself has an interest in the contract, which is generally a question of fact. *See id.* (whether county commissioner has an interest in county contract with brother's corporation is a question of fact). For example, a county judge or commissioner might have an interest in a county contract with a family member's business if the county judge or commissioner himself has a financial interest the business. Thus, the determination whether a county judge has an interest in a bail bond signed by a surety with whom he has as a family relationship will depend upon the facts. *Accord* Tex. Att'y Gen. LO-88-127, at 2 (whether county commissioner has an interest in bail bonds of bail bond business that he has transferred to his son "is a fact question that this office cannot resolve").

You point out that when sureties sign the form bail bond in your county, they bind themselves and their "heirs, executors and administrators, jointly and severally." *See* Request Letter, Attachment B, "Sample of Bail Bond." You suggest that the county judge has an interest in any bail bond signed by his mother on the basis that he is his mother's heir. *Id.* at 4. Whether the county judge is actually his mother's heir, however, will depend upon the facts. Furthermore, even assuming that the county judge is his mother's heir, this future interest seems a rather tenuous basis on which to conclude that he has an interest in contracts to which she is a party, although it may be a sufficient interest for purposes of section 81.002 in certain factual circumstances. We cannot conclude as a matter of law, however, that the county judge has an interest his mother's contracts sufficient to invoke section 81.002 merely because he may be her heir.

Finally, we address whether a county judge may have an interest in a bail bond business in the county. As we have said, a county judge is prohibited from having an interest in a bail bond executed in the county. Aside from that prohibition, we are not aware of any provision that would preclude a county judge from having an interest in a bail bond business in the county. While the county judge in a county governed by chapter 1704 may be a member of the county bail bond board,

*see* TEX. OCC. CODE ANN. § 1704.053(3), that is not a concern in your county, which is not governed by that statute and has no bail bond board.  Chapter 171 of the Local Government Code provides a mechanism for a county judge to avoid any conflicts of interest that might arise if the commissioners court takes action that will affect a business in which he or she has an interest.  In your case, if either the county judge or his mother has a "substantial interest" in the bail bond business, the county judge must follow the dictates of chapter 171 of the Local Government Code before the commissioners court takes any action that has a special economic effect on the bail bond business.  *See* TEX. LOC. GOV'T CODE ANN. §§ 171.002  (defining "substantial interest"); 171.004 (required procedures) (Vernon 1999); Tex. Att'y Gen.  LO-88-136 (discussing whether county commissioner, a former bondsman who had transferred bail bond business to his son, could participate in a commission action that might affect collection of bond forfeitures); *see also Orange County v. Ware*, 819 S.W.2d 472 (Tex. 1991) (county entitled to withhold salary of county commissioner on the basis of bond forfeitures owed to the county).

## S U M M A R Y

Section 81.002 of the Local Government Code, the county judge and commissioners oath of office provision, prohibits a county judge from having an interest in a contract with the county. Because a bail bond is a contract to which the county is a party and in which a surety has an interest, a county judge may not act as a surety on a bail bond in the county. The determination whether a county judge has an interest in a bail bond signed by a surety who is a relative will depend upon the facts and is therefore beyond the scope of the opinion process. Chapter 171 of the Local Government Code, which regulates conflicts of interest and provides exceptions to the section 81.002 prohibition, does not apply to the taking and approval of bail bonds and therefore does not provide an exception to section 81.002 in this regard.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee